Gertie Marlene BROOKS and Sam Roland Brooks, Appellants,

v.

FIRST ASSEMBLY OF GOD CHURCH OF CLEBURNE,
Appellee.

No. 10–01–270–CV.

Court of Appeals of Texas,
Waco.

Sept. 4, 2002.

Rehearing Overruled Sept. 25, 2002.

---

Davis Purcell, Wells, Purcell & Kraatz, Fort. Worth, for appellants.

Sandra Liser, Sterling J. Elza, Brown, Herman, Dean, Wiseman, Liser & Hart, L.L.P., Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

After attending a night service at the First Assembly of God Church of Cleburne, Gertie Marlene Brooks fell in the parking lot and injured her face, knee, and back. Mrs. Brooks had stumbled over a "curb-stop" that bordered an empty parking space near the Church building; she claimed she could not see the stop because it was dark. The Church filed a summary-judgment motion contending that Mrs. Brooks could not recover her damages be-

cause there is no evidence that: (a) the curb stop, a condition of the Church's property, posed an unreasonable risk of harm; and (b) the Church had notice of this allegedly dangerous condition. The Church attached summary-judgment evidence to its motion, in an effort to bolster its argument. The trial court granted the motion, and Mrs. Brooks[1] brought this appeal.

## DEFENDANT'S MOTION: A TRADITIONAL OR NO EVIDENCE ONE?

We have established a line of cases which say that a summary judgment motion labeled a "no evidence" motion under Rule 166a(i) will be treated on appeal as a traditional summary judgment motion if summary-judgment evidence is attached and referred to in the motion. *Jacobo v. Binur*, 70 S.W.3d 330, 333 (Tex.App.-Waco 2002, pet. filed); *Torres v. City of Waco*, 51 S.W.3d 814, 822 (Tex.App.-Waco 2001, no pet.); *Williams v. Bank One, N.A.*, 15 S.W.3d 110, 116 (Tex.App.-Waco 1999, no pet.); *Ethridge v. Hamilton County Elec. Coop. Ass'n*, 995 S.W.2d 292, 295 (Tex. App.-Waco 1999, no pet.). This reasoning is based on the plain-language interpretation of Rule 166a(i):

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Tex.R. Civ. P. 166a(i).

■ Because of our previous holdings on this issue, we do not deem the Church's

motion to be a "no evidence" motion, even though the Church referred to Rule 166a(i). The motion presented extensive argument explaining to the trial court how the summary-judgment evidence attached to the motion demonstrated that there is no genuine issue of material fact concerning two essential elements of Mrs. Brooks' premises-liability claim. By filing this motion, with summary-judgment evidence attached, the Church assumed the burden to show that there is "no genuine issue as to any material fact" concerning whether (1) the concrete curb-stop, in the dark, posed an unreasonable risk of harm, and (2) the Church had knowledge of the dangerous condition. *See id.* 166a(c) (The movant is entitled to judgment if the summary judgment motion and accompanying evidence "show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion."). Accordingly, we apply the standard of review for traditional summary judgment motions despite the Church's attempted characterization of its motion as a "no evidence" one.

## STANDARD OF REVIEW

The "main policy consideration behind creating [a summary judgment] device was to allow trial courts to dispose of patently meritless claims and defenses without resorting to a full trial on the merits." William J. Cornelius et al., *Tricks, Traps, and Snares in Appealing a Summary Judgment in Texas*, 50 BAYLOR L.REV. 813, 814 (1998). The standard of review for a traditional summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is

---

1. She is joined by her husband, Samuel Roland Brooks.

no genuine issue of material fact and is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed material-fact issue preventing summary judgment, we take evidence favorable to the non-movant as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Larsen v. Carlene Langford & Assocs.,* 41 S.W.3d 245, 248–49 (Tex.App.-Waco 2001, pet. denied). When necessary to establish a fact issue, the non-movant must present summary-judgment evidence. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Ethridge,* 995 S.W.2d at 294. To prevail on summary judgment, the Church, as we have stated, must show there is no genuine issue of material fact concerning one of the two essential elements of the Brooks's cause of action that it put in issue. *Larsen,* 41 S.W.3d at 249.[2]

### APPLICATION

■ The elements of a premises-liability claim are: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. *Dallas Market Center Dev. v. Liedeker,* 958 S.W.2d 382, 385 (Tex.1997). We note that

this is not a "slip-and-fall" case which typically involves the presence of a foreign substance on the owner's property that has been in existence for a sufficient length of time such that the owner should have known about and removed the substance to prevent an accident from occurring. Rather, the facts in this case are unique, in that Mrs. Brooks contends that her fall in the parking lot was caused by a condition resulting from the lack of lighting near where she stumbled over the curb-stop.

### Condition Posing an Unreasonable Risk of Harm

■ The Church contends that the summary-judgment evidence shows that the curb-stop, as a matter of law, does not pose an unreasonable risk of harm. "A condition presenting an unreasonable risk of harm is one in which there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Reliable Consultants, Inc. v. Jaquez,* 25 S.W.3d 336, 341 (Tex. App.-Austin 2000, pet. denied) (quoting *Seideneck v. Cal Bayreuther & Assoc.,* 451 S.W.2d 752, 754 (Tex.1970)).

The Church contended in its motion that "[i]t is certainly reasonable to presume that non-functioning lights and car stops create some risk. However, Plaintiffs cannot provide any evidence, and certainly no evidence to create a material fact question, that any condition on the parking lot poses

---

**2.** The standard in reviewing a no-evidence summary judgment is the same as when reviewing a directed verdict. *Robinson v. Warner–Lambert,* 998 S.W.2d 407, 410 (Tex.App.-Waco 1999, no pet.). We would review the non-movant's summary-judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment will be defeated if the non-movant produces more than a scintilla of probative evidence to

raise a genuine issue of material fact on the elements challenged by the movant. *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied). Essentially, the traditional summary judgment standard of review is the same as the no-evidence standard in that in either context, we review all summary-judgment evidence on file to determine whether "fact issues" remain for a jury to decide.

an *unreasonable* risk of harm." (Emphasis in original). However, Billie Lee Hassell, a former trustee of the Church, said that light fixtures on the building had not functioned properly for some time. Hassell said "[t]hey work sometimes, and sometimes they don't." He explained that the fixtures were operated by a remote system that turned on the lights at a chosen time; according to Hassell, the remote system did not always turn on the lights as programmed. Mrs. Brooks testified in her deposition that the light fixture on the building closest to where she fell was off. She simply stated: "It was dark. . . . there was no light."

Faced with a similar request, *i.e.*, to hold as a matter of law that a particular condition of property could never pose an unreasonable risk of harm, the Austin Court of Appeals stated:

> It is important to note that reasonableness determinations such as the one here are fact-intensive inquiries and, as such, are issues well-suited for a jury's determination. Indeed, as the Texas Supreme Court commented in one of the cases cited by appellant, there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm.

*Reliable Consultants, Inc.*, 25 S.W.3d at 342 (citing *Seideneck,* 451 S.W.2d at 754); *see also* State Bar of Texas, Texas Pattern Jury Charges–Malpractice, Premises, & Products PJC 66.3 (2000) (The pattern charge for a premises-liability claim specifically asks the jury "if the condition posed an unreasonable risk of harm.").

Furthermore, the Supreme Court has recently addressed whether darkness caused by non-functioning mast lighting on the Queen Isabella Causeway posed a "dangerous condition." *County of Cameron v. Brown,* 80 S.W.3d 549, 555, 45 Tex. Sup.Ct. J. 680 (2002). A plurality of the Court held:

> We cannot say, as a matter of law, that it is unforeseeable that a significant and unexpected change in lighting at night on a narrow and curving causeway could impair a motorist's ability to avoid obstacles that lie ahead. While [plaintiff's] alleged lack of care may be an issue of comparative responsibility for the jury to decide, . . ., it does not render the subsequent harm in this case unforeseeable.

*Id.* The Court stated that the "decision rests upon the causeway's unique characteristics and the nature of the particular dangerous condition alleged." *Id.* at 557.

■ Similarly, Mrs. Brooks is complaining of a particular condition that is unique, *i.e.*, she claims that the non-functioning lighting which was supposed to illuminate her path through the empty parking space caused her to not see the curbstop and fall. Accordingly, we cannot say that it is unforeseeable that a "significant" change in lighting at night in a parking lot could impair Mrs. Brooks's ability to "avoid obstacles that lie ahead." *Id.* at 556. The Church concedes that this "condition" posed some risk. Whether a particular risk is unreasonable or not is a fact question for the jury. *Reliable Consultants, Inc.*, 25 S.W.3d at 342. We cannot say the summary-judgment evidence conclusively shows that the complained of condition did not pose an unreasonable risk.

*Actual or Constructive Knowledge*

■ Here, the condition of which Mrs. Brooks complains is the curb-stop in a dark part of the Church's parking lot. The Church obviously had knowledge of the curb-stop from the time it was first placed on its property. The Brookses allege that the darkness of night, coupled with the fact that the light on the building closest to the curb-stop was not on, caused

her to fall. The summary-judgment evidence establishes that the Church had installed (1) at least two tall mast lighting fixtures that illuminate the outer edge of the parking lot and (2) fixtures placed under the eave, or overhang, of the Church building for the purpose of illuminating the areas close to the building, *i.e.*, parking spaces and entrances to the building.

Mr. Hassell stated that when dusk arrives his "regular routine" was to turn on the mast lighting in the parking lot. His routine does not include turning on the lights affixed to the Church building because they are operated by a remote system in which the lights are programmed to turn on at a certain time. He also said that the fixtures light up at their designated time "sometimes, and sometimes" not. He admitted, however, that he did not know whether the fixture that Mrs. Brooks alleges was off was in fact off: "[T]his Northeast one [referring to the light fixture at issue] hadn't worked in a long time." Pastor Brown stated that he did not know why that light fixture was not on. Brown said: "I don't know if they were burned out or if they just were not flipped on. I don't know." Finally, Hassell admitted that he once tripped and fell over a curb-stop in the Church's parking lot during the day.

Indulging "every reasonable inference" in favor of Mrs. Brooks, the non-movant, we find more than a scintilla of summary-judgment evidence concerning the Church's actual or constructive knowledge of the particular condition which allegedly caused her fall. *Nixon,* 690 S.W.2d at 548–49.

### CONCLUSION

Finding that the summary-judgment evidence raises genuine issues of fact, we reverse the trial court's judgment and remand the cause for further proceedings.

Justice GRAY, dissenting.

TOM GRAY, Justice, dissenting.

The majority has determined that what was filed as a no-evidence motion for summary judgment is not because it referenced summary judgment evidence. They have determined that it is a traditional motion for summary judgment. The majority thus reviews the motion under the standard of review applicable to a traditional motion for summary judgment.

No useful purpose would be served by me going through an analysis to determine the result if this case was reviewed under the proper standard of review for a no-evidence motion for summary judgment. For the reasons expressed in my dissenting opinion in *Jacobo v. Binur,* I believe the majority has applied the wrong standard of review. *Jacobo v. Binur,* 70 S.W.3d 330, 339–44 (Tex.App.-Waco 2002, no pet. h.)(Gray, J. dissenting). Until the precedential value of *Jacobo* is established I will continue to note my disagreement with the majority's method of analysis of this type motion for summary judgment. Accordingly, I respectfully dissent.