Angie McCLURE, Appellant,

v.

Charles RICH and Nancy
Rich, Appellees.

No. 05–02–00141–CV.

Court of Appeals of Texas,
Dallas.

Dec. 19, 2002.

Rehearing Overruled Jan. 22, 2003.

Charles W. McGarry, Dallas, for Appellant.

Carlos A. Balido, Linda M. Szuhy, Touchstone, Bernays, Johnston, Beall & Smith, L.L.P., Dallas, for Appellees.

Before Justices MOSELEY, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion by Justice ROSENBERG (Assigned).

Angie McClure appeals from a summary judgment granted in favor of Charles and Nancy Rich in this premises liability case. In a single issue, McClure contends the trial court erred in granting summary judgment because the Riches did not establish as a matter of law that she was a licensee or the condition on the premises was not unreasonably dangerous and there were genuine issues of material fact on all the elements of her negligence claim. We conclude that the Riches did not show that McClure was a licensee as a matter of law because evidence that McClure's presence on the premises provided an economic benefit to the Riches by assisting in the move into their home raised a fact issue as to McClure's status. Further, we conclude that the Riches did not establish as a matter of law that the condition on the premises was not unreasonably dangerous. Last, we conclude that McClure brought forth more than a scintilla of evidence in response to the Riches' assertions that she

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

had no evidence to support the additional elements of her negligence claim. Because no ground urged supports summary judgment, we reverse the trial court's judgment and remand this case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 1997, McClure was helping the Riches, her in-laws, move into their new home. As she was carrying furniture upstairs, she tripped on a loose rug on a parquet floor at the foot of the stairs, fell over boxes at the side of the stairway, and was injured. McClure filed a negligence suit for her personal injuries against the Riches. The Riches filed a traditional and no-evidence motion for summary judgment. The trial court granted the motion without specifying the grounds. McClure appealed.

## STANDARD OF REVIEW

The standard of review for a traditional summary judgment is well established. *See* Tex.R. Civ. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990). To prevail on summary judgment under rule 166a(c), a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (per curiam). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996) (per curiam). Only after a defendant produces evidence entitling it to summary judgment as a matter of law does the burden shift to the plaintiff to

present evidence creating a fact issue. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999).

In reviewing a no-evidence summary judgment under rule 166a(i), we apply the same legal sufficiency standard as we apply in reviewing directed verdicts. *Stephan v. Baylor Med. Ctr. at Garland,* 20 S.W.3d 880, 891 (Tex.App.-Dallas 2000, no pet.). We review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.* If the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment is improper. *Id.* When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.).

## PREMISES LIABILITY

Under the Riches' traditional motion for summary judgment, they alleged that they had no duty to McClure and that the rug was not a dangerous condition as a matter of law. Under the Riches' no-evidence motion, they alleged there was no evidence that they:

- had actual knowledge of the condition on the premises (the rug on the parquet floor) that caused the fall;
- had constructive notice of the condition on the premises (the rug on the parquet floor) that caused the fall;
- had a reasonable time to discover the condition;
- did not exercise reasonable care to reduce the risk of harm; or
- proximately caused McClure's injuries.

The Riches filed summary judgment evidence that included their affidavits and

McClure's deposition excerpts. McClure responded to the motion and filed her own affidavit stating:

> I helped my in-laws, Charles and Nancy Rich, move into their home.... As I was carrying a glass desk top up stairs for them, I tripped on a loose rug on a parquet floor at the foot of the stairs, causing me to fall over boxes which were placed on the side of the stairs at their beginning. The rug was not attached to the floor, and it was very slippery. I did not put the rug on the floor, and I did not place the boxes at the head of the stairs. The fall that resulted from my slipping on the rug caused me to suffer severe injuries and damages, including neuro surgery to my neck.

On appeal, McClure maintains she was owed the duties of an invitee, her deposition and affidavit support the inference that the Riches placed the rug on the floor, and the evidence showed that the rug was a dangerous condition causing her injuries.

### Applicable Law

The proof of a premises liability claim is dependent on the status of the plaintiff who enters the land. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (per curiam). When the injured party is an invitee, the plaintiff must show the following elements of a premises liability slip-and-fall action:

- actual or constructive knowledge of a condition on the premises by the owner or occupier;
- the condition posed an unreasonable risk of harm;
- the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
- the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex.2000). A landowner owes an invitee the duty to use reasonable care to reduce or eliminate a condition posing an unreasonable risk of harm about which the landowner knew or should have known. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). A licensee must prove that the landowner had actual knowledge of the condition and that the licensee had no knowledge of the condition. *Id.* An invitee need only show that the landowner knew or should have known of the condition; the invitee's own knowledge is not an issue. *Id.* Further, a licensee may recover for active or affirmative negligence as distinguished from a passive condition on the premises. *Weekes v. Kelley*, 433 S.W.2d 769, 772–73 (Tex.Civ. App.-Eastland 1968, writ ref'd n.r.e.); *Houston Belt & Terminal Ry. Co. v. O'Leary*, 136 S.W. 601, 604–05 (Tex.Civ. App.1911, writ ref'd).

Whether an entrant is an invitee or a licensee depends on that person's purpose in coming onto the property. *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 163 (Tex.App.-Waco 1995, no writ). A property owner's friends or family are generally treated as licensees. *See, e.g., Knorpp v. Hale*, 981 S.W.2d 469, 472 (Tex.App.-Texarkana 1998, no pet.) (noting that social guests are treated as licensees); *Dominguez v. Garcia*, 746 S.W.2d 865, 866–67 (Tex.App.-San Antonio 1988, writ denied) (same). Such cases usually involve guests who were invited to the premises for social purposes. *See, e.g., Knorpp*, 981 S.W.2d at 471–72 (boyfriend of property owners' daughter invited to property and helped cut down tree for New Year's bonfire); *Dominguez*, 746 S.W.2d at 866 (minor child invited to property to attend birthday party); *Buchholz v. Steitz*, 463 S.W.2d 451, 452 (Tex.Civ.App.-Dallas 1971, writ ref'd n.r.e.) (adult invited to friend's house for lunch and swim); *Crum v. Stas-*

*ney,* 404 S.W.2d 72, 73–74, 75 (Tex.Civ. App.-Eastland 1966, no writ) (brother-in-law of ranch's foreman injured during visit to ranch when he went into field to have picture taken with mule; held that even if injured man was initially invitee, he was licensee when injured because he went beyond purposes of invitation and business dealings).

◼ An invitee is usually defined as someone who enters onto property with the owner's knowledge and for the mutual benefit of both parties. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex. 1975). An invitee has also been defined somewhat more broadly as someone who enters another's property on the business of or to the benefit of the landowner. *See Cowart v. Meeks,* 131 Tex. 36, 40, 111 S.W.2d 1105, 1107 (1938) ("In the absence of some relation which inures to the mutual benefit of the two, *or to that of the owner,* no invitation can be implied, and the injured person must be regarded as a mere licensee.") (emphasis added; citation omitted); *Tex. Power & Light Co. v. Holder,* 385 S.W.2d 873, 885 (Tex.Civ.App.-Tyler 1964) (invitee is one "who goes on the premises of another in answer to the express or implied invitation of the owner . . . *on the business of the owner* . . . or for their mutual advantage") (emphasis added), *writ ref'd n.r.e.,* 393 S.W.2d 821 (Tex. 1965).

## Discussion

◼ The Riches moved for summary judgment on grounds that the undisputed facts showed that McClure was a licensee and that they had no duty to warn McClure of any conditions of which McClure had actual or imputed knowledge and they did not. Further, they contended that the evidence showed that McClure admitted that, if she had been looking down while carrying the glass tabletop, she would have seen the rug and that they had no knowledge of any dangerous condition. In response, McClure contended that she was an invitee. Thus, the issue regarding duty is whether the Riches established as a matter of law that they owed McClure the duties of a licensee. The Riches argue that *Knorpp v. Hale* illustrates that a person such as McClure would be a licensee. In *Knorpp,* Todd Erwin, Autumn Hale's boyfriend, was killed while cutting down a tree at Autumn's parents' house. *Knorpp,* 981 S.W.2d at 471. The entire discussion relating to Erwin's status was whether cutting down the tree met the mutual benefit test for determining his status as an invitee. *Id.* at 473–75. The Texarkana Court of Appeals held that Erwin was a licensee without considering or discussing whether an activity that benefits an owner or occupier of a premises can make the status of the helper an invitee. *Id.* at 475.

◼ Contrary to the Texarkana court's approach, this Court has held that an invitee is one whose presence serves the possessor's economic interest. *Buchholz,* 463 S.W.2d at 453. Accordingly, when a homeowner receives an economic benefit from the presence of a person whom the homeowner has asked to help, the person is an invitee. *See id.; see also Baldwin v. Gartman,* 604 So.2d 347, 350 (Ala.1992) (neighbor an invitee when homeowner derived benefit from neighbor coming onto land to assist in moving slabs to form path); *Atkinson v. Ives,* 127 Colo. 243, 255 P.2d 749, 752 (1953) (to be invitee, "plaintiff would have to be on defendant's property by invitation, express or implied, for some purpose of interest or advantage to defendant"); *Hottmann v. Hottmann,* 226 Mich. App. 171, 572 N.W.2d 259, 260–61 (1997) (brother an invitee when on property owner's premises to perform services beneficial to owner who enlisted brother's help in installing roof); *Durst v. Van Gundy,* 8

Ohio App.3d 72, 455 N.E.2d 1319, 1321 (1982) (father an invitee when on owner's property at host's invitation for purpose in which host had a beneficial interest, i.e., installation of security light); *Schlicht v. Thesing*, 25 Wis.2d 436, 130 N.W.2d 763, 765–66 (1964) (grandmother an invitee when gratuitously performing babysitting services at request of homeowner).

Here, McClure presented summary judgment evidence that, although a relative, she was not on the premises for a social event. She was at the home for the sole purpose of moving boxes and furniture. Nancy Rich instructed her on what to carry in the home. Assisting in the move arguably provided an economic benefit to the Riches. Because McClure presented evidence that she served the Riches' economic interest, she raised a fact issue whether she was a licensee. *See Buchholz*, 463 S.W.2d at 453. Thus, the trial court improperly granted summary judgment on grounds that McClure was owed the duties to a licensee.

■ Having concluded that the Riches failed to establish McClure's status as a licensee as a matter of law, we now review the record to determine whether either the Riches established that there was no genuine issue as to any material fact or McClure brought forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the elements of a premises liability claim based on her status as an invitee, to wit: (1) the Riches had actual or constructive knowledge of the allegedly dangerous condition; (2) the condition posed an unreasonable risk of harm; (3) the Riches did not exercise reasonable care to eliminate the risk; and (4) the Riches' acts or omissions proximately caused McClure's fall. *See Daenen*, 15 S.W.3d at 99.

■ A slip-and-fall plaintiff satisfies the notice element by establishing that:

(1) the defendant placed the substance on the floor; (2) the defendant actually knew that the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex.2002); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992).

To meet the knowledge test, McClure claims the evidence shows that Nancy Rich placed the rug at the foot of the stairs so that someone moving furniture up the stairs could fall. The evidence in the record shows that the rug was not on the floor when McClure arrived at the home. Only McClure and Nancy Rich were in the house between McClure's arrival and fall. About forty-five minutes after her arrival, McClure fell on the rug. Both Charles and Nancy Rich denied knowing of a dangerous condition. McClure denied placing the rug on the floor. This evidence raised a fact issue concerning who placed the rug on the floor.

■ As to the summary judgment ground that the rug was not a dangerous condition, the Riches relied on *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970), to support their position that the rug was not a dangerous condition as a matter of law. In *Seideneck*, the supreme court held that a rug in which a woman caught the heel of her shoe, causing her to fall, was not a dangerous condition. *Id.* at 755. However, that result was dependent on the fact there was no evidence that the rug's "particular construction and placement would have served as a suggestion or warning to the defendants that it presented the prohibited degree of danger." *Id.* at 754. However, "[w]hile premises liability cases involving

similar facts are sometimes probative of whether a type of condition in a particular situation may present an unreasonable risk of harm, they are by no means conclusive on the question." *Reliable Consultants, Inc. v. Jaquez,* 25 S.W.3d 336, 342 (Tex.App.-Austin 2000, pet. denied). Thus, the *Seideneck* decision does not stand for the proposition that certain objects cannot be dangerous as a matter of law. *Id.* Further, in the case before us there was evidence that a "very slippery" rug was placed on a smooth parquet floor on the bottom of stairs. The facts regarding the "particular construction and placement" of the Riches' rug are distinguishable from the facts in *Seideneck. See Seideneck,* 451 S.W.2d at 753–54. Therefore, the Riches did not establish that the rug was not an unreasonably dangerous condition as a matter of law.

■ As to the summary judgment ground that the Riches did not exercise reasonable care to eliminate the risk, McClure had to present evidence that the Riches failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the Riches, as owners or occupiers, knew about or in the exercise of ordinary care should have known about. *Keetch,* 845 S.W.2d at 267. "Ordinary care," when used with respect to an owner or occupier of a premises, means that degree of care which would be used by an owner or occupier of ordinary prudence under the same or similar circumstances. *Id.* McClure's evidence showed that a "loose" rug was placed by Nancy Rich on a parquet floor at the foot of the stairs while McClure was involved in moving furniture in the house, including up the stairs. This evidence raised a fact issue on whether an owner or occupier of ordinary prudence under the same or similar circumstances would have placed a rug without proper non-skid back-

ing on a wood floor while persons were moving furniture, including up the stairs.

■ Finally, as to proximate cause, McClure had to present evidence that the placement of the rug was a cause in fact of her injury and foreseeable. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). "Cause in fact" means that the act or omission was a substantial factor in bringing about the injury, and without it, harm would not have occurred. *Id.* "Foreseeability" means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *Id.* Foreseeability does not require that the actor foresee the particular accident or injury that in fact occurs. *Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 223 (Tex.1988). Nor does foreseeability require that the actor anticipate just how the injury will grow out of a particular dangerous situation. *Id.* at 224. All that is required is that the injury be of such a general character as might reasonably have been anticipated and that the injured party be so situated with relation to the wrongful act that injury might reasonably have been foreseen. *Id.* McClure's evidence showed that had she not slipped on the loose rug, she would not have fallen against the boxes at the side of the stairs and been injured. This evidence raises a fact issue on cause in fact. Further, McClure's evidence showed that the rug was not attached to the parquet floor and was "very slippery." McClure's fall was in direct relation to the placement of the loose rug at the foot of the stairs. This evidence showed that an injury from a person carrying furniture upstairs and slipping on a loose rug at the foot of the stairs might reasonably have been foreseen. This evidence raised a fact issue on foreseeability. Accordingly, we conclude that the evidence raised a fact issue on proximate cause.

Because we have determined that McClure brought forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the elements of a premises liability claim challenged by the Riches, we conclude that the trial court improperly granted summary judgment on grounds that there was no evidence of these elements.

### CONCLUSION

Having determined that none of the Riches' grounds supports summary judgment, we conclude the trial court erred in granting summary judgment in the Riches' favor. Therefore, we resolve McClure's issue in her favor. We reverse the trial court's judgment and remand this case for further proceedings.