Affirmed and Memorandum Opinion filed January 22, 2004









Affirmed and Memorandum Opinion filed January 22,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00523-CV

____________

 

JANE GOINGS, INDIVIDUALLY, AND
AS NEXT FRIEND OF RICHARD GOINGS,
Appellant

 

V.

 

HELEN M. BLACK, Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2002-52673

 



 

M E M O R A N D U M  
O P I N I O N

Appellant, Jane Goings, individually, and as next friend of
Richard Goings, appeals the trial court=s summary judgment in favor of appellee, Helen Black. 
In a single issue, appellant contends the trial court erred in granting
summary judgment in favor of appellee.  We affirm.

 

 








Background

Jane Goings and her son Ricky Goings are neighbors of Helen
Black.  When Ricky was about fourteen
years old he began mowing Black=s yard.  Approximately one year after he began mowing
Black=s yard, on April 8, 2001, Ricky
was injured while preparing to mow. 
Ricky jumped on a tree limb; the limb rolled toward him and struck his
eye.  

On the day of the accident, prior to mowing the yard, Ricky
drove his father=s truck to Black=s yard so that he could
transport debris back to the Goings= residence to be burned.  One of the tree limbs in the yard was too
large to fit in the truck.  Ricky
attempted to break up the tree limb by jumping on it.  He jumped on it once and a portion of the
limb broke so that he could put it in the truck.  When he jumped on the limb a second time, the
limb rolled toward him, and a branch struck Ricky in the eye, causing him to
lose sight in the eye.

Ricky=s mother, Jane Goings, filed
suit on Ricky=s and her behalf against Black
for premises liability.  Jane and Ricky
contended that Black failed to exercise the required degree of care to protect
Ricky from the dangerous condition that existed on her property.  Black filed a motion for summary judgment in
which she contended she owed Ricky no duty to warn him of the danger of jumping
on the tree limb.  The trial court
granted Black=s motion.

Standard of Review








The purpose of summary judgment is to eliminate patently
unmeritorious claims or untenable defenses; it is not intended to deprive
litigants of their right to a full hearing on the merits of any real issue of
fact.  Gulbenkian v. Penn, 151
Tex. 412, 416, 252 S.W.2d 929, 931 (1952).  The movant for
summary judgment has the burden to show there is no genuine issue of material
fact, and it is entitled to judgment as a matter of law.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  A
defendant who conclusively negates at least one of the essential elements of
each of the plaintiff=s causes of action or who conclusively establishes all of the
elements of an affirmative defense is entitled to a
summary judgment.  Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993).  When deciding whether there is a disputed
material fact issue precluding summary judgment, the appellate court must take
as true all evidence favorable to the non‑movant.  Nixon, 690 S.W.2d at
548B49. 

Premises Liability

The threshold inquiry in a negligence action is duty.  Centeq Realty v. Siegler, 899 S.W.2d
195, 197 (Tex. 1995).  A plaintiff
must prove the existence and violation of a duty owed to him by the defendant
to establish negligence liability.  Id. at 197. 
The existence of a duty is a question of law for the court to decide
from the facts surrounding the occurrence in question.  Walker v. Harris,
924 S.W.2d 375, 377 (Tex. 1996). 
Black=s duty to Ricky is gauged by his
status as an invitee on her property.  An
invitee is a person who enters the premises of another in answer to an express
or implied invitation from the owner or occupier for their mutual benefit.  McClure v. Rich, 95 S.W.3d 620, 625
(Tex. App.CDallas 2002, no pet.).  Both Goings and Black agree that Ricky was
working as an independent contractor and his status was that of an invitee on
Black=s property. 

An owner or occupier of land owes a duty to use reasonable
care to protect an invitee from reasonably foreseeable injuries.  Rosas v. Buddies Food
Store, 518 S.W.2d 534, 537 (Tex. 1975).  Generally, the owner or occupier of the
premises does not have a duty to see that an independent contractor performs
the work in a safe manner.  Koch Refining Co. v. Chapa, 11 S.W.3d 153, 155 (Tex. 1999).  The supreme court
has established that where the activity is conducted by, and is under the
control of, the independent contractor, and where the danger arises out of the
activity of the independent contractor, the responsibility or duty is that of
the independent contractor and not that of the owner of the premises.  Abalos v. Oil Dev. Co., 544 S.W.2d 627, 631 (Tex. 1976).  However, a premises owner can owe a duty if
the owner retains or actually exercises control over the independent contractor=s work.  See, e.g., Clayton W. Willaims, Jr., Inc. v. Olivo,
952 S.W.2d 523, 528 (Tex. 1997).








Ricky=s injury was caused by the performance of his duties in
clearing the land in preparation for mowing.  Therefore, Black did
not owe a duty to Ricky to ensure that he safely performed his work unless she
retained control over his work.  See
Koch Refining Co., 11 S.W.3d at 155.  Whether Black owed Ricky a duty turns on
whether Black retained or actually exercised a right of supervision such that
Ricky was not entirely free to do the work on his own.  Id. 
Black=s summary judgment evidence
established that she did not retain a supervisory right over Ricky such that he
was not free to do the work on his own.  In his deposition, Ricky testified
that he alone made the decision to break up the tree branch so that it would
fit in the truck.  He also testified that
it was his sole decision to jump on the tree limb to break it.  He further testified that Black had a brush
pile in her yard where the tree limb could have been moved so the yard could be
mowed.  Goings has failed to establish the
requisite control over the details of Ricky=s work to establish Black=s liability for Ricky=s injuries.  Accordingly, because Black did not exercise
control over Ricky=s work, she owed no duty to
Ricky.

Because Black produced evidence establishing as a matter of
law that she did not exercise the power to forbid the work from being done in a
dangerous manner, the trial court did not err in granting summary
judgment.  Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 22, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.