Connie W. ALGER, Appellant,

v.

BRINSON FORD, INC., Individually and d/b/a Brinson Ford Lincoln Mercury, Appellee.

No. 10–04–00341–CV.

Court of Appeals of Texas, Waco.

June 22, 2005.

Rehearing Overruled July 19, 2005.

---

Carl D. Tillery, Tillery & Tillery, Dallas, for appellant.

Christopher J. Pruitt, Brown, Pruitt, Peterson & Wambganss, Fort Worth, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

This is a personal injury suit for damages from a fall by an invitee, Connie W. Alger, on the premises of Brinson Ford, Inc. Brinson Ford filed a traditional and no-evidence motion for summary judgment, and the trial court granted the summary judgment. Alger appeals in three issues: error in granting summary judgment because (1) Brinson Ford had actual or constructive knowledge of the alleged dangerous condition on the premises; (2) of the existence of a condition which posed an unreasonable risk of harm; and (3) Brinson Ford failed to exercise reasonable care to reduce or eliminate the risk of harm.

## BACKGROUND

Alger went to Brinson Ford to pick up some friends who were having work done on their car. Alger entered Brinson Ford through a side entrance and attempted to locate her friends. After speaking with a salesman, she exited Brinson Ford through the front entrance and proceeded down a ramp. She was not aware that the

handrails on the ramp did not continue to the end of the ramp. Brinson Ford had marked the portion of the ramp without handrails with yellow paint stripping and the parking spaces next to the ramp were also outlined with yellow paint. When Alger reached the end of the handrails, she turned to walk to her car and fell off the ramp.

Alger sued Brinson Ford for premises liability damages. Brinson Ford, in its hybrid summary judgment motion, urged that, as a matter of law, (1) there was no condition that posed an unreasonable risk of harm on the premises; (2) Brinson Ford had no actual or constructive knowledge of the alleged dangerous condition on the premises; and (3) Brinson Ford exercised reasonable care to reduce or eliminate the risk of harm. Brinson Ford also asserted that there was no evidence (1) of a condition that posed an unreasonable risk of harm on the premises; (2) that Brinson Ford had actual or constructive knowledge of the alleged dangerous condition on the premises; and (3) that Brinson Ford did not exercise reasonable care to reduce or eliminate the risk of harm. The trial court granted Brinson Ford's motion for summary judgment without specifying the ground or grounds for its ruling.

## STANDARD OF REVIEW

### Summary Judgment

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

We review the decision to grant or deny a summary-judgment motion *de novo*. *See Rucker v. Bank One Texas, N.A.*, 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet.

denied). The standards for reviewing a traditional motion for summary judgment are well established. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Ash v. Hack Branch Distributing Co.*, 54 S.W.3d 401, 413 (Tex.App.-Waco 2001, pet. denied). The reviewing court must accept all evidence favorable to the non-movant as true. *Nixon*, 690 S.W.2d at 549; *Ash*, 54 S.W.3d at 413. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in her favor. *American Tobacco*, 951 S.W.2d at 425; *Ash*, 54 S.W.3d at 413. If the movant for summary judgment is a defendant, then the movant must negate at least one of the elements of the non-movant's cause of action, or alternatively, the movant must conclusively establish each element of an affirmative defense. *Clifton v. Hopkins*, 107 S.W.3d 755, 757 (Tex.App.-Waco 2003, pet. denied). The non-movant need not respond to the motion for summary judgment unless the movant meets his burden of proof. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999). But if the movant meets his burden of proof, the non-movant must present summary-judgment evidence to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

We apply the same standard in reviewing the grant or denial of a no-evidence summary-judgment motion as we would in reviewing a directed verdict. *Ash*, 54 S.W.3d at 413. We review the summary-judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence motion will be defeated if more than a scintilla of probative evidence

exists to raise a genuine issue of material fact on the element challenged by the movant. *Id.* More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex.2003) (business disparagement case). Evidence attached to a no-evidence motion should not be considered unless it creates a fact issue. *See Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex.2004).

**Premises Liability**

■ The elements of a premises-liability claim are: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. *Dallas Market Center Dev. v. Liedeker,* 958 S.W.2d 382, 385 (Tex.1997).

## SUMMARY JUDGMENT EVIDENCE

■ In Alger's response to Brinson Ford's motion for summary judgment, she included an affidavit of an expert. The expert stated: (1) the ramp at Brinson Ford was unreasonably dangerous; (2) the ramp is deceiving in appearance; and (3) the ramp meets the requirements of the Texas Accessibility Standards and the Standard Practice for Safe Walking Surfaces. Brinson Ford objected to this affidavit because the legal conclusion that the ramp is unreasonably dangerous is conclusory and insufficient as summary judgment evidence.

Alger argues that these objections were overruled when the trial court stated in its order granting the summary judgment that all relief requested and not expressly granted is denied. On appeal, Brinson Ford argues that the expert's conclusory statement that the ramp is unreasonably dangerous is not competent summary judgment evidence.

■ Objections as to the substance of an expert affidavit may be raised for the first time on appeal. *See Peerenboom v. HSP Foods, Inc.,* 910 S.W.2d 156, 160 (Tex.App.-Waco 1995, no writ). Thus, it is irrelevant whether the trial court ruled on the objection. We will consider Brinson Ford's argument against this summary judgment evidence as part of our *de novo* review.

■ An expert's testimony will support summary judgment only if it is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c). Conclusory statements by an expert are insufficient to support or defeat summary judgment. *See Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex.1997).

We find that the expert's statement that the ramp is unreasonably dangerous is a conclusory statement that is insufficient to defeat summary judgment. *See* TEX.R. CIV. P. 166a(c); *Wadewitz,* 951 S.W.2d at 466. Thus, we will not consider this part of the expert's affidavit as summary judgment evidence.

## ISSUE ONE: ACTUAL OR CONSTRUCTIVE KNOWLEDGE

■ We must first address whether Brinson Ford had actual or constructive knowledge of the condition of its premises that is at issue in this case. *See Liedeker,* 958 S.W.2d at 385. Here, the condition of which Alger complains is the portion of the ramp on Brinson Ford's premises that does not contain railings, but is painted with yellow stripes. Mr. Brinson, the owner of Brinson Ford, stated in his affidavit

that the ramp has railings from the top of the ramp to the sidewalk area. From the sidewalk area, he stated that the ramp continues to extend into the parking lot and each side of the ramp has a yellow stripe painted on the side and top. He stated that from the parking lot to the sidewalk area, the ramp rises four inches. Mr. Brinson also agreed in his deposition that part of the ramp has rails and part of the ramp does not.

Alger has produced more than a scintilla of summary-judgment evidence concerning Brinson Ford's actual or constructive knowledge of the particular condition that allegedly caused Alger's fall. *See Brooks*, 86 S.W.3d at 797–98. We sustain issue one.

## ISSUE TWO: CONDITION POSING AN UNREASONABLE RISK OF HARM

■ A condition presenting an unreasonable risk of harm is one in which there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Brooks v. First Assembly of God Church*, 86 S.W.3d 793, 797 (Tex.App.-Waco 2002, no pet.), *overruled on other grounds*, 135 S.W.3d 646 (Tex.2004). Reasonableness determinations are fact-intensive inquiries, and thus, whether a particular condition is unreasonable or not is a fact question for the jury. *Id.* There is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Id.*

Alger's expert stated that the ramp met the applicable standards, but it was deceiving in appearance. He stated that the end of the railings could give a visual cue that the ramp also ends. He also stated that the portion of the ramp where Alger fell was a varying slope along the side of the

parking area, and the markings along the portion of the ramp without the railings could lead one to believe that it is the markings of the edge of the parking spaces.

We cannot say that a ramp without railings on the entire ramp, even with the yellow stripes, could not be unreasonably dangerous. The summary judgment evidence does not conclusively show that the complained-of condition did not pose an unreasonable risk. We conclude that reasonable minds could differ as to whether this ramp posed an unreasonable risk of harm; thus, whether this ramp is unreasonably dangerous is a fact question for a jury. *See Brooks*, 86 S.W.3d at 797. We sustain issue two.

## ISSUE THREE: REASONABLE CARE

■ An owner or occupier of a premises owes a duty to an invitee to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex.2000). The invitee must present evidence that the owner failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner knew about or in the exercise of ordinary care should have known about. *McClure v. Rich*, 95 S.W.3d 620, 627 (Tex. App.-Dallas 2002, no pet.) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992)). "Ordinary care," when used with respect to an owner or occupier of a premises, means that degree of care which would be used by an owner or occupier of ordinary prudence under the same or similar circumstances. *Id.* The question of whether an owner's actions are reasonable

in light of the nature of the risk created by the condition and the ease with which it could be remedied is left soundly to the discretion of the jury. *See Grieve v. Red Roof Inns, Inc.*, 2001 WL 1003312, *11, 2001 Tex.App. LEXIS 6098, *32 (Tex.App.-Corpus Christi 2001, pet. denied).

Brinson's affidavit states that he exercised reasonable care by painting the top and sides of the ramp with yellow stripes. He also testified in his deposition that the yellow stripes were standard operating procedure to give notice of an elevation change. He testified that the yellow stripes marking the elevation change and the yellow stripes marking the parking spaces could not cause confusion. Alger testified in her deposition that she did not realize that she was still on the ramp when she turned, and she thought she was on flat ground. Alger's expert stated that the yellow markings made the ramp deceiving as to where the ramp ended.

This evidence raised a fact issue on whether an owner or occupier of ordinary prudence under the same or similar circumstances would have had a ramp on its premises that did not have railings on the entire ramp but had painted yellow stripes on the portion without the railings, which yellow stripes were adjacent to yellow stripes marking parking spaces. *See CMH Homes*, 15 S.W.3d at 101; *McClure*, 95 S.W.3d at 627. We sustain issue three.

## CONCLUSION

Indulging every reasonable inference in favor of Alger, the non-movant, we find more than a scintilla of summary-judgment evidence to raise a genuine issue of material fact on each challenged element. *See Ash*, 54 S.W.3d at 413. Thus, the trial court erred in granting a no-evidence summary judgment in favor of Brinson Ford. Moreover, indulging every reasonable inference in favor of Alger, the non-movant,

we find that genuine issues of material fact exist on each challenged element, and Brinson Ford is not entitled to summary judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548-49.

Having sustained all of Alger's issues, we reverse the trial court's judgment and remand the cause for further proceedings.

Chief Justice GRAY dissents.

TOM GRAY, Chief Justice, dissenting.

People fall down. They are injured. Who pays?

The critical question in this appeal of a summary judgment is: What is it that the owner or occupier of the premises must know before the owner may be held liable for the injuries to an invitee onto the premises? This was the question that was the focus of a good portion of the oral arguments in this appeal. It was presented in the briefs. You would have expected the analysis of this issue to be the focal point of the opinion. But with a little slight of hand, the majority avoids analysis of the very issue this Court should analyze—what is it the owner/occupier must have knowledge of to impose liability?

Knowledge of the owner/occupier is the crucial issue. But knowledge of what? You will note in the Court's discussion of issue one, it is presented simply as actual or constructive knowledge of a "condition." *Alger v. Brinson Ford, Inc.*, 169 S.W.3d 340, 344-45 (Tex.App.-Waco 2005, pet. filed). If you fast forward over to issue three, when discussing reasonable care, the cited cases are referencing whether or not the owner/occupier failed to take reasonable care to eliminate the unreasonably dangerous condition the owner/occupier knew existed or, by the exercise of reasonable care, would discover. *Id.* at 345-46.

This is the question this case turns upon and the majority appears to be taking great pains to avoid it.

Finding no evidence that Brinson Ford knew, or had any reason to know, of an unreasonably dangerous condition on the premises, I would affirm the judgment.

Maybe it would be helpful to the reader to understand that the "ramp" off of which Alger fell, was no more than 4 inches at any point along the "ramp." Alger fell off a ramp that was shorter than a normal step, and the edge of the ramp was highlighted with yellow paint.

CONCLUSION

I find nothing in this record to show that Brinson was aware of an unreasonably dangerous condition. I would affirm the judgment. Because the majority does not, I dissent.