IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00340-CV

 

Marjorie Messer,

                                                                                    Appellant

 v.

 

Texas Roadhouse Restaurant, a/k/a Texas 

Roadhouse of Waco, a/k/a Texas Roadhouse 

of Waco, LLC, a/k/a Texas Roadhouse of Waco,  LTD,

                                                                                    Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2004-1924-4

 



CONCURRING  Opinion



 

I fully join Justice Reyna’s opinion and concur in
the judgment, but I write separately to emphasize two points.

Adequacy of Summary Judgment Response

            Messer’s summary judgment response addresses the
evidence on the second element—the condition posed an unreasonable risk of
harm—by repeatedly referring to evidence of the elevated booth’s “dangerous
condition.”  That element is often shorthandedly referred to as the “unreasonably
dangerous condition” or the “dangerous condition.”[1] 
Messer’s summary judgment response begins by noting that Texas Roadhouse
asserts that “Plaintiff has no evidence that a condition which caused an
unreasonable risk of harm to Plaintiff existed on the premises of Defendant,
and (2) that, if such condition existed, Plaintiff has no evidence that
Defendant had actual or constructive knowledge of the alleged condition on its
premises.”  Messer then states one of the several legal issues presented by the
no-evidence summary judgment motion:  “1. Has Non-movant produced any factual
evidence which would support a jury’s finding that the elevated flooring of the
booth created a dangerous condition for which Defendant owed Plaintiff a
duty of reasonable care?”  And Messer concludes her recitation of the legal
issues by stating:

Whether the elevated flooring of the booth in
which Plaintiff and her party were seated was a dangerous condition for
which Defendant owed Plaintiff a duty of reasonable care are fact issues for a
jury.  Whether Defendant knew or should have known of a dangerous
condition is also a fact issue for a jury.

 

The dissent would affirm the trial court’s
no-evidence summary judgment based solely on semantics (i.e., Messer’s
failure to use “magic words” on the second element), stating that Messer’s
response “does not contend that, that evidence raises a fact issue as to
whether the condition of Texas Roadhouse’s premises constituted an unreasonable
risk of harm.”  Dissent, post at 3.  The above quotations from Messer’s
response refute the dissent’s assertion, and it is also telling that Texas
Roadhouse does not assert this reason as a basis for affirming the trial
court.  Moreover, the gravamen of a response to a no-evidence motion for
summary judgment is not the use of magic words in the response, but the
production of “summary judgment evidence raising a genuine issue of material
fact.”  Tex. R. Civ. P. 166a(i); see
id. Comment—1997 (“To defeat a motion made under paragraph (i), the
respondent is not required to marshal its proof; its response need only point
out evidence that raises a fact issue on the challenged elements.”).

Improper Conflation of Premises Liability Elements

The four elements of a premises liability cause of
action are: 

(1) the owner had actual or constructive knowledge
of some condition on the premises; 

(2) the condition posed an unreasonable risk of
harm; 

(3) the owner did not exercise reasonable care to
reduce or eliminate the risk of harm; and 

(4) the owner’s failure to use such care
proximately caused the plaintiff’s injuries.  LMB, Ltd. v. Moreno, 201
S.W.3d 686, 688 (Tex. 2006).

 

Texas Roadhouse contends that Messer was required
but failed to produce evidence that Texas Roadhouse “knew, or had constructive
knowledge, that the raised booth posed an unreasonable risk of harm.”[2] 
I believe that this argument improperly conflates the first two elements of a
premises liability cause of action: (1) the owner had actual or constructive
knowledge of some condition on the premises; and (2) the condition posed an
unreasonable risk of harm.  Compare Alger v. Brinson Ford, Inc., 169
S.W.3d 340, 344-45 (Tex. App.—Waco 2005, pet. filed) (separately addressing
evidence on first two elements) with id. at 346-47 (Gray, C.J.,
dissenting) (conflating the two elements and arguing that owner must have
actual or constructive knowledge of the unreasonably dangerous condition).

The improper conflation of the first two elements
appears to arise in part from the loose use of, or the misplaced focus on,[3]
the language in the third element, the breach-of-duty element—the owner did not
exercise reasonable care to reduce or eliminate the risk of harm—and
descriptions in case law of the duty.[4]  The
first two elements are the factual predicate for the imposition of a duty of
reasonable care on the owner, and the third element articulates the duty of
reasonable care by incorporating the first two elements into the third and
inquires whether the duty was breached.

Texas Roadhouse’s and the Alger dissent’s improper
conflation of the first two elements is wrong because it removes the objective
standard that exists in the second element—the condition posed an unreasonable
risk of harm—and replaces it with a subjective standard on the owner’s part. 
The first element—the owner had actual or constructive knowledge of some
condition—has a subjective (actual knowledge)[5] and an
objective (constructive knowledge)[6]
component.  The second element—the condition posed an unreasonable risk of
harm—is purely objective:  whether a condition is a danger is a function of
reasonableness, i.e., whether a reasonably prudent person would foresee
that harm was a likely result of the condition.  See Rosas v. Buddie’s Food
Store, 518 S.W.2d 534, 537 (Tex. 1975); see also County of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002) (“A condition poses an
unreasonable risk of harm for premises-defect purposes when there is a sufficient
probability of a harmful event occurring that a reasonably prudent person would
have foreseen it or some similar event as likely to happen.”).

Of course, courts can determine that a particular
condition does not pose an unreasonable risk of harm as a matter of law.[7] 
But whether a condition poses an unreasonable risk of harm usually is an
inherent fact question determined objectively from the reasonably prudent
person standpoint.[8]

I believe that the error of those who would
improperly conflate the first two elements also arises from equating
temporary-dangerous-condition cases (e.g., spills) with permanent-dangerous-condition
cases such as this case and Alger.  In a temporary-dangerous-condition
case involving, for example, spilled liquid on a store floor, that condition
almost always poses an unreasonable risk of harm, and the crux is usually
whether the owner had actual or constructive knowledge of the temporary
dangerous condition—the spilled liquid.[9] 
Thus, the key issue is usually framed as whether the owner had actual or
constructive knowledge of the unreasonably dangerous condition, i.e.,
the spilled liquid on the store floor.  But a permanent-dangerous-condition
case presents a converse situation; the owner is usually going to have
knowledge of the allegedly dangerous condition.[10] 
Equating typical temporary and permanent condition cases can thus lead to the improper
conflation of the first two elements posited by Texas Roadhouse and the Alger
dissent:  the plaintiff is required to produce evidence that the defendant
actually knew or had constructive knowledge that the condition posed an
unreasonable risk of harm.

Moreover, an important distinction exists between
knowing that a condition exists and knowing that the condition is unreasonably
dangerous; that distinction makes a world of difference on the plaintiff’s evidentiary
burden. 
Conflating the first two elements results
in a plaintiff having to prove that the owner had actual or constructive
knowledge that the condition was unreasonably dangerous.  A plaintiff would
have to prove that the owner subjectively knew that the condition was unreasonably
dangerous yet consciously disregarded it or failed to warn of it; a plaintiff would
be required to produce evidence of the owner’s subjective state of mind—that
the owner knew of and considered the condition to be unreasonably dangerous—an
almost impossible burden to meet absent an admission by the owner.

            Texas Roadhouse knew that it had
elevated booths in its restaurant; its dispute is whether the elevated booths
pose an unreasonable risk of harm.  The crux of this case, therefore, is
whether the elevated booths pose an unreasonable risk of harm.  To require
Messer to produce evidence that Texas Roadhouse knew that its elevated booths
posed an unreasonable risk of harm would impose an almost impossible burden on her. 
Because Messer presented some evidence that the elevated booths pose an
unreasonable risk of harm, and because we cannot say as a matter of law that
the elevated booths do not pose an unreasonable risk, a genuine issue of
material fact exists on that element, to be determined by a jury.

 

 

BILL VANCE

Justice

 

Concurring opinion
delivered and filed May 9, 2007









[1]               See,
e.g., Brookshire Groc. Co. v. Taylor, --- S.W.3d ---, ---, 2006 WL
3456559, at *1-2 (Tex.  Dec. 1, 2006) (“Brookshire was obliged to use
reasonable care to protect Taylor, its invitee, from any unreasonably
dangerous condition in its store of which it had actual or constructive
knowledge.”) (“And in H.E. Butt Grocery Co. v. Resendez, we held that a
grocery store’s self-service display of loose grapes in a recessed bowl on a
rimmed table standing on a non-skid floor and surrounded by mats and warning
cones was not an unreasonably dangerous condition; rather, the
grape on which the plaintiff slipped was the dangerous condition.”)
(emphases added); LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006) (“affidavit does not set out specific facts from which a jury could reasonably
infer that LMB knew or should have known of some unreasonably dangerous
condition of the premises which was involved in the accident”)
(emphasis added); CMH Homes, Inc. v. Daenan, 15 S.W.3d 97, 101 (Tex.
2000) (“the core of the duty depends on actual or constructive knowledge of a dangerous
condition that a reasonable inspection would reveal”) (emphasis added);
Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996) (“An invitee
must show that a land owner either knew, or after reasonable inspection should
have known, of an unreasonably dangerous condition before arguing
that the owner breached a duty by failing to take any one of several
precautions.”) (emphasis added); Rosas v. Buddie’s Food Store, 518
S.W.2d 535, 538 (Tex. 1975) (“we hold that reasonable minds could differ as to
the dangerous character of the wet floor”) (emphasis added); Alger
v. Brinson Ford, Inc., 169 S.W.3d 340, 347 (Tex. App.—Waco 2005, pet.
filed) (Gray, C.J., dissenting) (“Finding no evidence that Brinson Ford knew,
or had any reason to know, of an unreasonably dangerous condition
on the premises, I would affirm the judgment.”) (emphasis added).

 





[2]
              The dissent alludes to but avoids addressing this issue. 
Dissent, post at 2, n.1.

 





[3]
              See, e.g., Alger, 169 S.W.3d at 346 (Gray, C.J.,
dissenting) (“If you fast forward over to issue three, when discussing
reasonable care, the cited cases are referencing whether or not the
owner/occupier failed to take reasonable care to eliminate the unreasonably
dangerous condition the owner/occupier knew existed or, by the exercise of reasonable
care, would discover.”).

 





[4]               “The duty owed is
to exercise reasonable care to protect against danger from a condition on the
land that creates an unreasonable risk of harm of which the owner or occupier
knew or by the exercise of reasonable care would discover.”  CMH Homes,
15 S.W.3d at 101.

 





[5]
              When a defendant or its employee learns of a dangerous condition,
the defendant has actual knowledge or notice of the dangerous condition.  E.g.,
Reliable Consultants, Inc. v. Jaquez, 25 S.W.3d 336, 343 (Tex. App.—Austin
2000, pet. denied) (employee saw customers stumbling over step).  “Actual
knowledge is what a person directly and clearly knows.”  O’Connor’s Texas Causes of Action 715
(2007) (citing Black’s Law Dictionary
888 (8th ed. 2004)).

 





[6]
              “Constructive knowledge is what a person does not actually know
but objectively should know or has reason to know.”  O’Connor’s Texas Causes of Action 716 (2007) (citing Black’s Law Dictionary 888 (8th ed.
2004)).

 





[7]
              E.g., M.O. Dental Lab v. Rape, 139 S.W.3d 671, 675 (Tex. 2004) (mud and dirt that accumulated naturally on concrete slab outside business did
not pose unreasonable risk); Johnson County Sheriff’s Posse, Inc. v.
Endsley, 926 S.W.2d 284, 287 (Tex. 1996) (small rock in dirt clod at rodeo
arena not unreasonable risk).

 





[8]
              See, e.g., Hall v. Sonic Drive-In of Angleton, Inc., 177
S.W.3d 636, 645 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (“The
determination of whether a particular condition poses an unreasonable risk of
harm is generally fact specific.”); Alger,
169 S.W.3d at 345 (“We conclude that reasonable minds could differ as to
whether this ramp posed an unreasonable risk of harm; thus, whether this ramp
is unreasonably dangerous is a fact question for a jury.”); Brooks v. First
Assembly of God Church, 86 S.W.3d 793, 797 (Tex. App.—Waco 2002, no pet.)
(“Whether a particular risk is unreasonable or not is a fact question for the
jury.”), disapproved on other grounds by Binur v. Jacobo, 135 S.W.3d
646, 651 n.11 (Tex. 2004); Reliable Consultants, 25 S.W.3d at 342 (“It
is important to note that reasonableness determinations such as the one here
are fact-intensive inquiries and, as such, are issues well-suited for a jury’s
determination.”).

 





[9]
              A slip-and-fall plaintiff satisfies the actual or constructive
knowledge element by establishing that (1) the defendant placed the substance
on the floor, (2) the defendant actually knew that the substance was on the
floor, or (3) it is more likely than not that the condition existed long enough
to give the premises owner a reasonable opportunity to discover it.  Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

 





[10]
            “The fact that the owner or occupier of a premises created a
condition that posed an unreasonable risk of harm may support an inference of
knowledge. . . .  Creating the condition does not establish knowledge as a
matter of law for purposes of premises liability, however, creation of the
condition is circumstantial evidence of knowledge.”  Burns v. Baylor Health
Care Sys., 125 S.W.3d 589, 599 (Tex. App.—El Paso 2003, no pet.) (citing Keetch
v. Kroger Co., 845 S.W.2d 262, 265-66 (Tex. 1992)).