Opinion issued March 6, 2008










                   




     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00082-CV




SHAHNAZ KHAN, Appellant

V.

FERHAT M. HASAN AND MANZOOR HASAN, Appellees




On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2006-02890




MEMORANDUM OPINION

          Appellant, Shahnaz Khan, sued appellees, Ferhat M. Hassan and Manzoor
Hasan, under theories of general negligence and premises liability, after appellant
slipped and fell on the steps leading up to appellees’ house.
          In three issues, appellant contends that the trial court erred by rendering a no-evidence summary judgment in favor of appellees (1) “without first advising
[appellant] of the ruling on [appellant’s] challenges to the sufficiency of [appellees’]
Motion for Summary Judgment and allowing [appellant] an opportunity to respond
to the trial court’s ruling”; (2) “because [appellees] were aware of the condition . . .
and failed to warn [appellant]”; and (3) “because whether . . . [appellees’] sidewalk
is a dangerous condition and/or whether [appellees’] were negligent in any manner
in failing to warn [appellant] of the condition of the sidewalk is a question of fact, not
law.”
          We affirm.
Facts and Procedural History
          On January 18, 2004, appellant, who was a guest at appellees’ house in
Houston, suffered injuries when she slipped and fell while walking up the sidewalk
and steps leading to appellees’ front door.
          On January 17, 2006, appellant sued appellees, under theories of general
negligence and premises liability, contending that appellees had negligently allowed
ice to build up on the steps. Appellant alleged that appellees had control of the
premises, were aware of the icy condition, and breached their duty to remove the ice,
to provide adequate lighting, or to warn appellant. Appellant contended that
appellees’ breach was the proximate cause of injuries to her wrist, hand, and back. 
          On October 4, 2006, appellees moved for a no-evidence summary judgment on
the basis that there was no evidence of certain essential elements of appellant’s
claims, namely, breach of duty and causation. In addition, appellees specially
excepted to appellant’s petition, contending that appellant failed to specify the extent
of her injuries, the maximum level of damages sought, and how appellees knew of icy
conditions.
          On October 13, 2006, appellant filed an amended petition in which she
specified that her wrist, hand, and back were injured and that she would seek up to
$2,000,000 in damages. In addition, appellant dropped the allegation that the steps
had been icy and, instead, appellant contended that she had “tripped on a sudden and
unexpected rise in the sidewalk that was unknown to [appellant] and which
[appellant] could not have seen.” Appellant alleged that another person had fallen as
a result of the same condition three months prior to her own fall and that, although
appellees were aware of the prior incident, they had failed to remedy the condition.
Appellant sought exemplary damages on the basis that appellees’ omissions involved
an extreme degree of risk.
          Appellees elected to proceed with their original motion for summary judgment
and the parties agreed that appellant would have additional time to file her response. 
On October 25, 2006, in her response to the motion for summary judgment, appellant
objected to the sufficiency of appellees’ motion and contended that she had “viable
causes of action.” Appellant’s summary judgment evidence, as appended to her
response, consisted of the parties’ agreement extending time to file the response,
appellant’s amended petition, and appellant’s answers to appellees’ requests for
disclosure.
          On October 30, 2006, the trial court granted appellees’ motion for no-evidence
summary judgment, without stating its basis, and ordered that appellant take nothing
on her claims. Appellant moved for a new trial, which the trial court denied.
No-Evidence Summary JudgmentA.Standard of Review
          After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party’s claim. 
Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002). First, the movant must specifically state the element as to which there
is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the non-movant to
produce competent evidence that raises a genuine issue of material fact on the
challenged elements. See Johnson, 73 S.W.3d at 207; Dolcefino v. Randolph, 19
S.W.3d 906, 916 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). To defeat a
no-evidence motion, “the respondent is not required to marshal its proof; its response
need only point out evidence that raises a fact issue on the challenged elements.” Tex.
R. Civ. P. 166a(i) cmt. If the non-movant brings forward more than a scintilla of
probative evidence to raise a genuine issue of material fact, then summary judgment
is not proper. Forbes, Inc. v. Granada Biosciences Inc., 124 S.W.3d 167, 172 (Tex.
2003); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). When determining if more
than a scintilla of evidence has been produced, the evidence must be viewed in the
light most favorable to the non-movant. Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex. 2004). More than a scintilla exists when the evidence “rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions.” 
Id. On the other hand, “[w]hen the evidence offered to prove a vital fact is so weak
as to do no more than create a mere surmise or suspicion of its existence, the evidence
is no more than a scintilla and, in legal effect, is no evidence.” Id.
          Because the trial court’s order granting summary judgment does not specify the
basis for the ruling, we must affirm the trial court’s judgment if any of the theories
advanced has merit. W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Ben
E. Keith Co. v. Aleman, 227 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007,
no pet.).
B.      Applicable Law
          Prevailing on a negligence cause of action requires proof that (1) the defendant
owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the
breach proximately caused the plaintiff’s injury. Kroger Co. v. Elwood, 197 S.W.3d
793, 794 (Tex. 2006); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472,
477 (Tex. 1995).
          Premises liability is a special form of negligence in which the duty owed to the
plaintiff depends upon her status as an invitee, licensee, or trespasser on the
premises.


 See Urena, 162 S.W.3d at 550. Whether an entrant is an invitee or a
licensee depends on that person’s purpose in coming to the property. Motel 6 G.P.,
Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). Generally, an invitee is someone who
enters the premises on the business of or for the mutual benefit of both parties.
McClure v. Rich, 95 S.W.3d 620, 625 (Tex. App.—Dallas 2002, no pet.). Guests
invited to the property for social purposes are generally regarded as licensees. Id. at
624.
          When a premises liability suit is brought by an invitee, the plaintiff must show
that (1) the plaintiff was an invitee; (2) the defendant was a possessor of the premises;
(3) a condition on the premises posed an unreasonable risk of harm; (4) the defendant
knew or reasonably should have known of the danger; (5) the defendant breached its
duty of ordinary care by both failing to make the condition reasonably safe and failing
to adequately warn the plaintiff; and (6) the defendant’s breach proximately caused
the plaintiff’s injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000);
Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). 
          When a premises liability suit is brought by a licensee, the elements are the
same as those enumerated above for an invitee, except that the plaintiff must instead
show that she was a licensee, that the defendant had actual knowledge of the danger,
and that the plaintiff lacked such knowledge. Wal-Mart Stores, Inc. v. Miller, 102
S.W.3d 706, 709 (Tex. 2003).
C.      Appellant’s Objections to Appellees’ Motion for Summary Judgment
          In her first issue, appellant contends that the trial court erred by granting
summary judgment in favor of appellees “without first advising [appellant] of the
ruling on [appellant’s] challenge to the sufficiency of [appellees’] Motion . . . and
allowing [appellant] an opportunity to respond to the trial court’s ruling.” Appellant
complains that “[i]f the trial court were inclined to grant summary judgment in favor
of [appellees], it should have also made written findings on [appellant’s] objections
and challenges to the sufficiency of [appellees’] motion prior to granting the relief.” 
          In her response to the motion for summary judgment, appellant objected to the
first three paragraphs of appellees’ motion, entitled “Opening Statement,”
“Background Facts,” and “Summary Judgment Standard,” on the grounds that they
“consisted of unsubstantiated opinions and conclusory legal statements which could
not be considered competent summary judgment evidence.” (Emphasis added.) In
addition, appellant objected that appellees “failed to identify or offer any evidence to
challenge one element of [appellant’s] causes of action or theories of recovery.”
(Emphasis added.)
          There is no evidentiary burden imposed on a movant seeking summary
judgment under Rule 166a(i). See Tex. R. Civ. P. 166a(i); see also Heiser v. Eckerd
Corp., 983 S.W.2d 313, 316 (Tex. App.—Fort Worth 1998, no pet.). Hence, here,
appellees were required only to specifically state in their motion the element or
elements as to which there is no evidence. See id. In their motion, appellees
enumerated the elements of the causes of action alleged by appellant, that of general
negligence and of premises liability. As to appellant’s general negligence claim,
appellees expressly asserted in their motion that “[appellant] has no evidence of
breach of duty or of proximate cause.” As to appellant’s premises liability claim,
appellees expressly asserted that appellant “has no evidence of the elements
described.” Appellees met their burden under the rule. See id.
          Appellant contends that the trial court was required to notify her of its intent
to overrule her objections to the sufficiency of appellees’ motion for summary
judgment in advance of its ruling on appellees’ motion.


 Appellant has not directed
us to any place in the record in which she made such a request in the trial court. In
addition, appellant has not directed us to any authority, and we do not find any, that
supports her proposition that, by challenging the sufficiency of appellees’ motion for
summary judgment in her response, appellant was entitled to advance written notice
from the trial court of its intended rulings and that, if the court intended to overrule
appellant’s objections and was “inclined to grant the summary judgment,” that
appellant was entitled to additional time to amend her response or to “replead a viable
cause of action” before the trial court ruled on the motion for summary judgment.
          Accordingly, appellant’s first issue is overruled. 
D.      Appellant’s Evidence
          In her second issue, appellant contends that the trial court erred by rendering
a no-evidence summary judgment in favor of appellees “because [appellees] were
aware of the condition . . . and failed to warn [appellant].” We construe appellant’s
contention to be that she produced evidence of the challenged elements of her claims.
          Once appellees properly raised their motion for no-evidence summary
judgment, as here, Rule 166a(i) placed the burden on appellant, as the non-movant,
to produce evidence on each challenged element of her claim. See Colson v.
Grohman, 24 S.W.3d 414, 420 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).
 
          Even if we assume, without deciding, that appellant produced sufficient
evidence of the elements of notice and failure to warn, these are not the sole elements
upon which appellees based their challenge. Hence, appellant’s response is
inadequate to defeat a “no-evidence” summary judgment motion under Rule 166a(i). 
See id. 
          Accordingly, appellant’s second issue is overruled.
E.      Question of Fact or Law
          In her third issue, appellant contends that the trial court erred by rendering a
no-evidence summary judgment in favor of appellees “because whether . . .
[appellees’] sidewalk is a dangerous condition and/or whether [appellees’] were
negligent in any manner in failing to warn [appellant] of the condition of the sidewalk
is a question of fact, not law.” 
          It was appellant’s burden to produce more than a scintilla of evidence to raise
a genuine issue of material fact as to the challenged elements. See Johnson, 73
S.W.3d at 207; Dolcefino, 19 S.W.3d at 916 (stating that, once movant properly raises
its motion for no-evidence summary judgment, burden shifts to non-movant to
produce competent evidence that raises genuine issue of material fact on challenged
elements). We have concluded that appellant failed to meet her burden.
          Accordingly, appellant’s third issue is overruled.
Conclusion
          We affirm the judgment of the trial court.

 


                                                             Laura Carter Higley 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.