ACCEPTED
03-15-00374-CV
7341140
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/12/2015 9:30:36 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00374-CV**

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

10/12/2015 9:30:36 PM

JEFFREY D. KYLE
Clerk

**JAMAR OSBORNE,**

**Appellant.**

**vs.**

**WARREN KENNETH PAXTON,**

**Appellee.**

**APPEAL FROM THE 250TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
TRIAL COURT CASE NO. D-1-GN-14-004694**

_____

**BRIEF FOR APPEALANT**

JAMAR OSBORNE, J.D., M.P.A
APPELLANT SUI JURIS
P.O. Box 195226
Dallas, TX 75219
Osbr117@aol.com

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the following is a complete list of the names

and addresses of all parties and counsel in this case.

**Appellant:** Jamar Osborne, P.O. Box 195226, Dallas, TX 75219.

**Appellee:** Warren Kenneth Paxton "Paxton."

**Appellee's Counsel:** Julie A. Springer and Kevin J. Terrazas, 212 Lavaca St.,
Suite 200,
Austin TX 78701.


## STATEMENT OF THE CASE

**Nature of the Case:**   In this statewide election contest, Green Party Candidate

for Texas Attorney General Jamar Osborne "Appellant,"

seeks to disqualify Paxton, Republican Candidate for

Attorney General based primarily upon the separation of

powers doctrine.

**Trial court and judge:**   Stephen Yelenosky, Presiding Judge, 201st District Court

of Travis County, Texas, Cause No. D-1-GN-14-004694.

**Trial Court Disposition:** On January 22, 2015, the trial court entered an order
granting Paxton partial summary judgment as to
Appellant's Original Petition.  C.R. 37.

On  March 12, 2015, the trial court entered an final
order granting Paxton summary judgment. C.R. 46.  On
April 6, 2015, Appellant filed a Motion for New Trial
and For Appointment of Master in Chancery. C.R. 54-
60. On April 8, 2015, the trial court denied Appellant's
Motion.  C.R. 53.

On June 10, 2015, Appellant filed a Notice of Appeal. C.R. 61.

# TABLE OF CONTENTS

Identity of Parties……………………………………………………………………i

Statement of the case………………………………………………………………i-ii

Table of contents…………………………………………………………….........iii

Index of authorities…………..……………………………………………..iv-vi

Statement of facts……………………………………………………………….1-2

Issues Presented…………………………………………………………………...2

Standard of review……………………………………………………...……..2-3

Summary of the argument…………………………………………………….3-4

Argument……………………………………………………………………4-16

It was Improper For the District Court to Grant Paxton Summary Judgment Without Any Evidence and In Conjunction with a General Denial……4-10

As a De Facto Member of the Judiciary, Paxton is Ineligible to Serve as Attorney General Under the Doctrine of Separation of Powers……..…10-14

The Court has a Duty to Prevent Paxton from Intruding Upon Appellant's Property and Political Rights by Occupying an Office For Which He is Lawfully Ineligible……………………………………………………15-16

Conclusion and Prayer…………………………………………………………...16

Certificate of service

Certificate of compliance

Appendix

# INDEX OF AUTHORITIES

**Cases**

*Aldine Independent School District v. Standley,* 280 S.W. 2d. 578 (Tex. 1955)……........12

*Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239 (Tex. Cr. App. 1990)………........14

*Arrellano v. Texas Employment Comm'n,* 810 S.W.2d 767 (Tex. 1991)……….…........6

*Boswell v. Handley,* 397 S.W. 2d 213 (Tex. 1965)……………………………………….4

*Brooks v. First Assembly of God Church of Cleburne,* 86 S.W.3d 793 (Tex. App. --Waco 2002)……………………………………………………………………………… 8-9

*City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex. 1979)………...…… 7

*Commission For Lawyer Discipline v. Benton,* 1998 Tex. Lexis 121 (Tex. 1998)……...10

*Cerda v. BarClays Capital Real Estate Inc.*, 612 F.3d 781 (5th Cir. 2010)…………..…12-13

*City of Dallas v. Dallas Consolidated Street Railway Co.,* 105 Tex. 337 (Tex. 1912)….15

*Crain v. Smith,* 2000 Tex. App. Lexis 3582 (Tex App. – Corpus Christi 2000…..……...11

*Cuyler v. Minns, 60 S.W.3d 209 (Tex. App. – Houston 2001, pet. Denied)*……..……....8

*Dickson v. Strickland,* 114 Tex. 176 (Tex. 1924)………………...…………….…........15

*Ex* Parte *Wall,* 107 U.S. 265 (1883)…………………...…………………………….....11

*Fung's Kitchen Inc.,* 2007 Tex. App. LEXIS 4812 (Tex. App. – Houston 2007)……........8

*Gilmore v. Waples,* 108 Tex. 167 (Tex. 1916)………………………......…………15

*Great American Reserve Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex. 1965)…………………………………………………………………...…7

*Hatton v. Griggar,* 2006 Tex. App. LEXIS 10066 (Tex. App. – Houston 2006)………....6

*Hankamer v. Templin.* 143 Tex. 572 (Tex. 1945)………………......…………………..10

*In re Allcat Claims Service, L.P.*, 356 S.W.3d 455 (Tex. 2011)…………………….....14

*In Re Guerra,* 235 S.W.3d 392 (Tex. App. – Corpus Christi-Edinburg 2007)…………...3

*In Re Lowery,* 999 S.W.2d 639 (Review Tribunal of Texas 1998)……………….......…13

*Irwin v. State,* 177 S.W. 2d 970 (Tex. Crim. App. 1994)……….…………………….....12

*Jelinek v. Casas,* 328 S.W.3d 526 (Tex. 2010)………………………………………7-8

*Langever v. Miller,* 124 Tex. 80 (Tex. 1934)…………..……………………………….14

*McConnell v. Southside Indep. Sch. Dist.,* 858 S.W. 2d 337 (Tex. 1993)……....……….. 7

*Mccullouch v. Maryland,* 4 L. Ed. 579 (1819)………………………………….....11

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985)…………….…….7

*Opal Dent Gibbs et al. v. General Motors Corporation* Tex., 450 S.W.2d 827 (Tex. 1970)…...................................................................................... 7

*Poole v. Poole,* 1975 Tex. App. Lexis 3334 (Tex. App. – Waco 1975)………………...5

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003)………….....2

*Public Utility Commission v. Cofer,* 754 S.W.2d 121 (Tex. 1988)…………………......3

*Reynolds v. State of Texas,* 967 S.W.2d 493 (Tex. App. – Houston 1998)………...…15-16

*Rogers v. Ricane Enterprises, Inc.* 772 S.W.2d 76 (Tex. 1989)…………………………….3

*Southwestern Fire & Casualty Company v. Larue,* 367 S.W.2d. 162 Tex. 1963)……...4-5

*Sowell v. The Kroger Co.,* 263 S.W.3d 36 (Tex. App. --Houston 2006). ………………...3

*The Finance Commission of Texas v. Norward,* 418 S.W.3d 566 (Tex. 2013)………….14

*The State ex rel. Owners,* 63 Tex. 261 (Tex. 1885)………………………………….......15

*Texas Workers Compensation Commission v. Garcia,* 862 S.W.2d 61 (Tex. App. – San

  Antonio 1993)…...……………………………...……………….…………….…16

*Thomas v. Abernathy County Line Indep. Sch. Dist. 290 S.W. 152, 153* (Tex. Comm'n

  App. 127 judgment adopted)………………………….………………………...13

*Zorilla v. Aypco Construction II,* 2015 Lexis 555 (Tex. 2015)………………...……….. 5

**Statutes, Rules, and Constitutional Provisions**

State Bar Rules…………………………………………………………………...…….11

Tex. Att'y Gen. Op. No. GA-0214 (2004)………………………………………….......13

Tex. Const…………………………………………………………………..1, 10, 12

Tex. Elec. Code…………………………………………………………...…12

Tex. Gov. Code Sect. ………………………………………………..……..10, 11

Tex. Rev. Civ. Stat. Ann. Art. 320a-1 Sect. 3……………………………………11

Tex. R. Civ. P.. ……………………………..……………………………4, 6, 9

## STATEMENT OF FACTS

Jamar Osborne ("Appellant") is the 2014 Green Party Candidate for Texas Attorney General. C.R. 4 at ¶ 5. Appellant is a United States Citizen, over the age of 18, has not been determined to be mentally incapacitated, has not been convicted of a felony and has resided continuously in the State of Texas for at least twelve months prior to the Texas statewide election in November 2014. C.R. 4 at ¶ 5. Accordingly, Appellant is a legally qualified candidate for the position of Texas Attorney General. C.R. 4 at ¶ 5.

Warren Kenneth Paxton ("Paxton") is the 2014 Republican Party Candidate for Texas Attorney General. C.R. 4 at ¶ 6. Paxton is the candidate for Texas Attorney General who received the most number of votes. C.R. 4 at ¶ 6. Paxton is an attorney licensed in the State of Texas and is a member of the State Bar of Texas. C.R. 4 at ¶ 6. As a member of the State Bar of Texas, Paxton is a *de facto* member of the judiciary and is therefore ineligible to contemporaneously serve as an executive officer. C.R. 4 at ¶ 10. Paxton was not even eligible to be placed on the ballot. C.R. 4 at ¶ 10. Appellant is the only 2014 candidate for Texas Attorney General who is neither a licensed attorney in the State of Texas, nor a member of the State Bar of Texas. C.R. 4 at ¶ 8.

Under Article 4, Section 4 of the Texas Constitution, a person is not elected until the Secretary of State has delivered the election returns to the Speaker of the

House during the first week of the legislative session after being declaring the person as having the highest number of voters and being constitutionally eligible. C.R. 30. The current legislative session did not begin until January 13, 2015. C.R. 30. However, once Paxton received notice that the election was being challenged, he made arrangements to have former Attorney General Greg Abbott administer his oath of office prior to his term of office and during the wrong legislative session. C.R. 31. The Speaker of the House never had a chance to declare Paxton as the candidate receiving the highest number of votes, nor did the Speaker of the House have a chance to declare Paxton constitutionally eligible. C.R. 31. If Greg Abbott had not sworn-in Paxton prior to his term of office, Greg Abbott would have been required to continue serving as Attorney General and could not be sworn-in as governor. C.R. 31.

**Issue 1:  Whether the district court erred by granting summary judgment.**

**Issue 2.  Whether the district court abused its discretion by denying Appellant an opportunity to conduct discovery.**

All other sections are incorporated by reference.

<u>**Standard of Review**</u>

A trial court's summary judgment is reviewed *de novo.  Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003).  Courts must review

summary judgment motions in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Sowell v. The Kroger Co.,* 263 S.W.3d 36, 38 (Tex. App. --Houston 2006). When the trial court does not specify the basis for its summary judgment, the appealing party must show that the summary judgment was granted in error base on any ground asserted in the motion. *Rogers v. Ricane Enterprises, Inc.* 772 S.W.2d 76, 79 (Tex. 1989).

An abuse of discretion exists "when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles." *Id.* A trial court's clear failure to analyze or apply the law correctly even in an unsettled area of law, is an abuse of discretion and may result in reversal by extraordinary writ. *See In Re: Guerra,* 235 S.W.3d 392, 403 (Tex. App. – Corpus Christi-Edinburg 2007). Courts not only have the power to ensure that judicial proceedings remain "truly adversary in nature," but have a duty to do so. *Public Utility Commission v. Cofer,* 754 S.W.2d 121, 124 (Tex. 1988).

## SUMMARY OF THE ARGMENT

In this case, Appellant argues that the district court erred by granting Paxton summary judgment without presenting any evidence and despite the fact that he filed a general denial, putting all material questions of fact at issue. Appellant further argues that the district court treated Paxton's motion for summary judgment as a no-evidence motion for summary judgment and was therefore improper given

that Appellant was not given an opportunity for discovery and given that Appellant presented more than a scintilla of probative evidence raising a genuine issue of material fact.

## **ARGUMENT**

It was Improper For the District Court to Grant Paxton Summary Judgment Without Any Evidence and In Conjunction with a General Denial

A traditional summary judgment may only be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tex. R. Civ. P. 166(a).  A traditional motion for summary judgment may also be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *Id.* at 166(a)(c). Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes.  *Boswell v. Handley,* 397 S.W. 2d 213 at \*\*6-7 (Tex. 1965).  A motion for summary judgment may only be treated as a pleading where it is verified by a sworn affidavit.  *Id.* at \*12.

A general denial is not a plea; it merely imposes on the plaintiff the duty to produce and offer evidence. *Southwestern Fire & Casualty Company v. Larue,* 367 S.W.2d. 162 at *9 (Tex. 1963). A general denial is sufficient in law to raise issues of fact with respect to recovery matter essential to the plaintiff's right of recovery, save only those matters required to be denied under oath and puts the burden on the plaintiff to prove all such matters. *Id.* at *8. General denials raise issues of fact; traditional summary judgments are therefore improper. *Id.* at *9. A Texas Appellate Court reversed and remanded a trial court's decision to grant summary judgment, holding that summary judgment was improper because the defendant filed a general denial. *See Poole v. Poole,* 1975 Tex. App. Lexis 3334 at **3 and 10 (Tex. App. – Waco 1975). By filing a general denial, the defendant creates genuine issues of material fact. *See Id.*

An affirmative defense is a defendant's assertion of facts and arguments that if true, will defeat the plaintiff's claims even if all the allegations in the complaint are true. *Zorilla v. Aypco Construction II,* 2015 Lexis 555 at **29-30 (Tex. 2015). An affirmative defense acknowledges the existence of prima facie liability but asserts a proposition which if true would avoid liability. *Id.* at 30. Affirmative defenses are based on a different set of facts from those establishing the cause of action. *Id.* Under Tex. Civ. P. 94 and 95, affirmative defenses must be specifically plead and may not be shown under a general denial.

In the instant case, Paxton filed a general denial and claimed an affirmative defense with no accompanying facts. Paxton presented absolutely no summary judgment evidence. Paxton presented no testimony, made no admissions, filed no affidavits and took no depositions. Oral arguments are not permitted at a hearing on a traditional motion for summary judgment. *See Arrellano v. Texas Employment Comm'n,* 810 S.W.2d 767, 770 (Tex. 1991) (citing Tex. R. Civ. P. 166a(c). However, the District Court ordered the parties to make oral argument over Appellant's verbal objection. Therefore, the only reasonable conclusion that can be made is that the District Court did not treat Paxton's motions for summary judgment as traditional, but treated them as motions for no-evidence summary judgment.

The distinction between a traditional motion for summary judgment and a no-evidence motion for summary judgment is important because they invoke different standards of review. *Hatton v. Griggar,* 2006 Tex. App. LEXIS 10066 at **8-9 (Tex. App. – Houston 2006). Under a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Id.* at *9. A defendant is only entitled to traditional summary judgment if he conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or conclusively establishes all elements of an affirmative defense is entitled to summary

judgment. *Id.* at *10. A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678-79 (Tex. 1979).

"[S]ummary judgments must stand or fall on their own merits; a nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W. 2d 337, 343 (Tex. 1993). For the evaluation of a motion for partial summary judgment, a court must take evidence favorable to the non-movant as true. *Nixon v. Mr. Property Management Co*., 690 S.W.2d 546, 548-49 (Tex. 1985). Evidence favoring the movant's position cannot be considered unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965). In deciding a traditional motion for summary judgment, the issue "is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action." *Opal Dent Gibbs et al. v. General Motors Corporation* Tex., 450 S.W.2d 827, 828 (Tex. 1970).

No-evidence summary judgments may only be granted where there is: 1. a complete absence of evidence of a vital fact; 2. the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; the evidence offered to prove a vital fact is no more than a mere scintilla; or 4. the evidence establishes conclusively the opposite of the vital fact. *Jelinek v. Casas,* 328 S.W.3d 526 at \*\*10-11 (Tex. 2010). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence raising a genuine issue of material fact. *Ton's Remodeling v. Fung's Kitchen Inc.,* 2007 Tex. App. LEXIS 4812 at \*6 (Tex. App. – Houston 2007).

Conclusory or general motions for no-evidence summary judgment are not permitted. *See Cuyler v. Minns,* 60 S.W.3d 209, 212 (Tex. App. – Houston 2001, pet. Denied). No-evidence summary judgments must be reviewed in the light most favorable to the non-movement. *Brooks v. First Assembly of God Church of Cleburne,* 86 S.W.3d 793 at n.2 (Tex. App. --Waco 2002). A no-evidence summary judgment motion will be defeated if the non-movant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* A movant for no-evidence summary judgment has the burden to produce accompanying evidence to said motion showing that "except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law on the issues expressly set out in the motion." *Id.* at 796.

A no-evidence motion for summary judgment is proper only after [emphasis added] adequate time for discovery has been given. Tex. R. Civ. P. 166(a)(i). Additionally, a no-evidence motion for summary judgment must expressly state the elements as to which there is no evidence. *Id.* The court may grant the motion only after the respondent is given an opportunity to produce summary judgment evidence raising a genuine issue of material fact. *See Id.*

In the instant case, Paxton's motion for summary judgment was entirely conclusory with no supporting facts or evidence and failed to identify any element of Appellant's claim for which there was no evidence. The district court granted a partial summary judgment despite the fact that Paxton had filed a general denial and an affirmative defense putting all material issues of fact in dispute. *See* C.R. 10-19; *See also* C.R. 37. Paxton has not even admitted that as member of the Texas Bar, he is a de facto member of the Texas judiciary.

Appellant specifically requested an opportunity to conduct discovery. C.R. 28. However, the district court granted summary judgment without ever permitting Appellate an opportunity to conduct discovery. Given that Paxton has presented no summary evidence, this was clearly improper. The district court based its

judgments on improper oral testimony and improper inferences drawn based on its bias that a licensed attorney should not be precluded from serving in an executive office. The district court did not view Appellant's Petition in the light most favorable to Appellant, but viewed it in the light most favorable to Paxton simply based on the controversial nature of this case.

<u>As a De Facto Member of the Judiciary, Paxton is Ineligible to Serve as Attorney General Under the Doctrine of Separation of Powers</u>

It is beyond dispute that attorneys are members of the judiciary. District Attorneys and County Attorneys fall directly under the judicial branch. *See* Tex. Const. Art. 5 Sect. 21. Additionally, law licenses are issued by the Supreme Court of Texas. *See* Tex. Gov. Code Sect. 82.021. Attorneys are required to take an oath of office [emphasis added] and to become officers of the court. *Hankamer v. Templin.* 143 Tex. 572, 576 (Tex. 1945). Attorneys may be disciplined by the Supreme Court of Texas, held liable for punishment, held in contempt and/or removed from office [emphasis added]. *Id.*

An attorney is not merely a person or a lawyer. *Commission For Lawyer Discipline v. Benton,* 1998 Tex. Lexis 121 at *11 (Tex. 1998). He is "an intimate and trusted and essential part of the machinery of justice, an 'officer of the court" in the most compelling sense." *Id.* The license granted by the court requires

members of the bar to conduct themselves in a manner compatible with the role of the courts in the administration of justice. *Id.* at **13-14. The state may even regulate an attorney's speech. *Id.* at 11.

A lawyer has always been regarded as an officer of the court. *Crain v. Smith*, 2000 Tex. App. Lexis 3582 at *6 (Tex App. – Corpus Christi 2000). By preparing pleadings and affidavits, attorneys "set the judicial machinery in motion." *Id.* at *12. Similar to judicial immunity, attorneys are protected with absolute privilege. This privilege protects an attorney who makes defamatory statements in relation to a judicial proceeding, even if the attorney is aware that the statement is false. *Id.*

A state officer may not have a "direct or indirect interest, including financial and other interests, or engage in a business transaction or professional activity, or incur any obligation of any nature that is in substantial conflict with the proper discharge of the officer's or employee's duties in the public interest." Tex. Gov. Code Sect. 572.001. The State Bar of Texas is the administrative agency of the judiciary. Tex. Gov. Code Sect. 81.011. Members of the State Bar are required to pay dues in order to maintain active law licenses. State Bar Rule, Art. 1 Section 6. These dues are analogous to a tax. It violates the separation of powers doctrine for the judiciary to exercise tax authority over the executive branch. The power to tax is the power to destroy. *See Mccullouch v. Maryland,* 4 L. Ed. 579, 607 (1819).

Attorneys are regulated by the Supreme Court of Texas. *See* Tex. Rev. Civ. Stat. Ann. Art. 320a-1 Sect. 3. Courts have the power to discipline attorneys through fines and imprisonment; courts may also strike an attorney's name from the roll. *Ex* Parte *Wall,* 107 U.S. 265, 272 (1883).

A candidate is not eligible for public office where a provision in the Texas Constitution or state statute prescribes eligibility requirements. *See* Tex. Elec. Code. Ann. § 141.001. An elected state officer may only hold a non-elective office contemporaneously where there is no conflict between the two offices. *See* Tex. Const. Art. 16 Sect. 40 (c). To determine whether there is a conflict, courts may look to statutes, ordinances, or constitutional provisions governing the officer to determine "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Independent School District v. Standley,* 280 S.W. 2d. 578, 583 (Tex. 1955). In *Irwin v. State,* the court held that Article XVI, Section 40 of the Texas Constitution barred police officers from contemporaneously serving as special deputy sheriffs. *See Irwin v. State,* 177 S.W. 2d 970, 973 (Tex. Crim. App. 1994). The court reasoned that police officers and deputy sheriffs were both "civil office[s] of emolument" in violation of Article XVI, Section 40 of the Texas Constitution. *Id.*

The Texas Attorney General's Office falls under the executive branch. *See* Tex. Const. Art. § 22. Attorneys are de facto members of the judiciary. *See Supra.* Tex. Const. Art. 2, Section 1 requires separation of powers within Texas government. In interpreting the Texas Constitution, courts must "rely heavily on its literal text and . . . give effect to its plain language." *Cerda v. BarClays Capital Real Estate Inc.,* 612 F.3d 781, 788 (5th Cir. 2010).

When a public official is employed by two different governmental entities, he is "responsible to two different masters." *See* Tex. Att'y Gen. Op. No. GA-0214 (2004) at 3. Certain dual government employments violate the common doctrine of incompatibility. *Id.* Dual employments are incompatible when the public official has conflicting allegiances or is subject to conflicting orders. A person may not hold two offices where his loyalties and duties conflict. *See Thomas v. Abernathy County Line Indep. Sch. Dist. 290 S.W. 152, 153* (Tex. Comm'n App. 127 judgment adopted).

"The complete independence of the courts of justice is peculiarly essential in a limited constitution." *In Re Bill R. Lowery,* 999 S.W.2d 639 at *22 (Review Tribunal of Texas 1998) (quoting Alexander Hamilton, The Federalist No. 78, at 2:292 (1788). "An independent and vigorous judiciary is essential as a bulwark to protect the rights of our citizens." *Id.*

The principle of separation of powers is foundational for federal and state governments in this country and firmly embedded in our nation's history. The Texas Constitution mandates:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted. *The Finance Commission of Texas v. Norward,* 418 S.W.3d 566 at **3-4 (Tex. 2013).

"Exceptions to the constitutionally mandated separation of powers are never to be implied in the least; they must be 'expressly permitted' by the Constitution itself." *Id*. at *4. The doctrine of separation of powers is neither "subtle nor unimportant." *In re Allcat Claims Service, L.P.,* 356 S.W.3d 455, 473 (Tex. 2011).

The separation of powers principle is the very foundation of the government of the United States and of the several States, is essential to the preservation of the rights and liberties of the people, and "should be thoughtfully and faithfully observed by all clothed with the powers of government." *Langever v. Miller,* 124

Tex. 80, 99 (Tex. 1934). "[T]he Judicial Department cannot be clothed with Executive or Legislative power; and the Legislative 'magistracy' cannot exercise the functions of either the Executive or the Judicial Departments." *Id.* The greatest threat to liberty is the accumulation of power in a single branch of government. *Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239 (Tex. Cr. App. 1990).

<u>The Court has a Duty to Prevent Paxton from Intruding Upon Appellant's Property and Political Rights by Occupying an Office For Which He is Lawfully Ineligible</u>

The Texas Supreme Court has consistently drawn a distinction between the power to decide the result of an election which is a political question, and the power to decide the right to hold an office after an election which is a judicial question. *Dickson v. Strickland, 1*14 Tex. 176, 192 (Tex. 1924). Courts have the authority to determine the validity of elections and in cases of invalidity to protect property rights which may be wrongfully impaired if such rights are not enforced. *City of Dallas v. Dallas Consolidated Street Railway Co.,* 105 Tex. 337, 341 (Tex. 1912).

"An office of profit is property, as much as any other article that can be possessed." *The State ex rel. Owners,* 63 Tex. 261, 267 (Tex. 1885). When the lawful owner of it is kept out of its possession by an intruder, he has just as much

right to avail himself of this property through the courts as he would be able to recover any other property through the courts. *Id.*

There is no distinction between civil rights and political rights; a court may not shut its doors against the enforcement of such rights. *Gilmore v. Waples,* 108 Tex. 167 at *31 (Tex. 1916).

When dealing with an issue of constitutional law, "It is emphatically the province and duty of the judicial department to say what the law is. *Reynolds v. State of Texas,* 967 S.W.2d 493, 497 (Tex. App. – Houston 1998) (*quoting Marbury v. Madison,* 5 U.S. 137, 176 (1803).  If judges were to take their constitutional duties seriously, they would not dismiss due course of law, equal protection and the right to trial by jury guaranteed by the sovereign people as a mere "grab, smoke-screen or window dressing." *Texas Workers Compensation Commission v. Garcia,* 862 S.W.2d 61 at *157 (Tex. App. – San Antonio 1993).

## CONCLUSION AND PRAYER

Based on the foregoing reasons, the district court erred by granting partial summary judgment and summary judgment and abused its discretion by denying Appellant an opportunity to conduct discovery.  Accordingly, the district court's judgment should be reversed and remanded. Appellant further requests such additional relief to which he may be entitled.

/s/ Jamar Osborne

Jamar Osborne, J.D., M.P.A.

Appellant Sui Juris

P.O. Box 195226

Dallas, TX 75219

817-400-0091

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed and forwarded on October 9, 2015 to Julie A. Springer of Weisbart Springer Hayes, L.L.P, counsel for Defendant Warren Kenneth Paxton electronically through eFileTexas.

/s/ Jamar Osborne
Jamar Osborne, J.D., M.P.A.
Appellant Sui Juris
P.O. Box 195226
Dallas, TX 75219
817-400-0091

## CERTIFICATE OF COMPLAINCE

I hereby certify that this brief is in compliance with the rules governing the length of briefs prepared by electronic means. The brief was prepared using Microsoft Word 2010 to prepare this brief, the total word count, not including those section excluded by rule is 3,785.

/s/ Jamar Osborne
Jamar Osborne, J.D., M.P.A.
Appellant Sui Juris
P.O. Box 195226
Dallas, TX 75219
817-400-0091

**No. 03-15-00374-CV**

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

**JAMAR OSBORNE,**

**Appellant,**

**vs.**

**WARREN KENNETH PAXTON,**

**Appellee.**

**APPEAL FROM THE 250TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
TRIAL COURT CASE NO. D-1-GN-14-004694**

_____

**APPENDIX TO BRIEF OF APPELLANT**

JAMAR OSBORNE, J.D., M.P.A
APPELLANT SUI JURIS
P.O. Box 195226
Dallas, TX 75219

**ORAL ARGUMENT REQUESTED**

| | |
|---|---|
| **C.R. 37** | **ORDER GRANTING DEFENDANT PARTIAL SUMMARY JUDGMENT (1/22/15)** |
| **C.R. 46** | **ORDER GRANTING DEFENANT SUMMARY JUDGMENT (FINAL ORDER) (3/12/15)** |
| **C.R. 47-52** | **PLAINTIFF'S MOTION FOR NEW TRIAL AND FOR APPOINTMENT OF MASTER IN CHANCERY (4/6/15)** |
| **C.R. 53** | **ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND FOR APPOINTMENT OF MASTER IN CHANCERY (4/8/15)** |
| **C.R. 61** | **NOTICE OF APPEAL (6/10/15)** |

Filed In The District Court
of Travis County, Texas
on_____ 1/22/2015 ____ VMH
at_____ 3:29 ____ P. M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-14-004694

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| WARREN KENNETH PAXTON, | § | |
| | § | |
| Defendant. | § | 201st JUDICIAL DISTRICT |

---

## ORDER

---

On this day the Court considered Defendant Paxton's Partial Motion for Summary Judgment. After reviewing the Motion, pleadings on file, and hearing the arguments of counsel, the Court finds the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Paxton's Partial Motion for Summary Judgment is GRANTED.

IT IS ORDERED that Plaintiff's Motion for Leave to file a late response to the Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall take nothing as to the claims pled in Plaintiff's Original Complaint.

This Order does not address the newly pled claim in Plaintiff's Supplemental Petition.

All other relief requested but not specifically granted is hereby denied.

SIGNED this __22nd__ day of January, 2015.


_____
Presiding Judge
Travis County District Court

---

Filed in The District Court
of Travis County, Texas

MAR 1 2 2015 *QC*

At _____ *9:30* _____ *A*.M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-14-004694

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| WARREN KENNETH PAXTON, | § | |
| | § | |
| Defendant. | § | 201st JUDICIAL DISTRICT |

## ORDER

On this day the Court considered Defendant Paxton's Motion for Summary Judgment. After reviewing the Motion, pleadings on file, and hearing the arguments of counsel, the Court finds the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Paxton's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall take nothing as to the claims pled in Plaintiff's Original Complaint and Plaintiff's Supplemental Petition.

All other relief requested but not specifically granted is hereby denied.

This Order disposes of all claims and all parties and is appealable.

SIGNED this 12th day of March, 2015.

_____
Presiding Judge
Travis County District Court

Case # D-1-GN-14-004694

003929377



ENTERED

CAUSE NO. D-1-GN-14-004694

| JAMAR OSBORNE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| WARREN KENNETH PAXTON, | § | |
| | § | |
| Defendant. | § | 201ˢᵗ JUDICAL DISTRICT |

---

**PLAINITIFF'S MOTION FOR NEW TRIAL AND FOR APPOINTMENT OF MASTER IN CHANCERY**

---

COMES NOW, Plaintiff Jamar Osborne, filing his Motion For New Trial and For Appointment of Master in Chancery.

Introduction

1. Plaintiff filed an Original Petition in this action. In response, Defendant filed a General Denial as well as a Motion for Summary Judgment.

2. Plaintiff subsequently filed a Supplemental Petition in which Plaintiff requested a temporary restraining order, in addition to other relief. After conducting a hearing, the Court denied Plaintiff's application for a temporary restraining order. The judge (a member of the Texas Bar) did not sign the proposed order. She merely returned it back to Petitioner. The judge had no authority to deny Plaintiff's application for a temporary restraining order. The only matter which was within the judge's discretion was the amount of the bond which was to be posted.

3. The Court conducted a hearing on Plaintiff's Original Petition which was presided by a judge who is also a member of the Texas Bar. The judge required the parties to present oral arguments despite the fact that Plaintiff objected due to the fact that oral arguments are not permitted during summary judgment hearings. The judge ultimately granted Defendant a

47

partial summary judgment despite the fact that there were material issues of fact which were still in dispute and contrary to the rule of law. The judge gave no explanation for granting Respondent's motion.

4. Defendant filed a second motion for summary judgment in response to Plaintiff's Supplemental Petition. Realizing that it would be pointless, Plaintiff did not respond; Plaintiff also did not appear for the summary judgment hearing. Although Plaintiff objected to conflicts of interests shared by judges who are members of the Texas Bar, Defendant's motion was nevertheless granted by a member of the Texas Bar.

Argument & Authorities

Summary Judgment was Improper

5. The Court should have denied Defendant's motions for summary judgment because defendant's pleadings did not support summary judgments. Defendant motions were improper.

6. When a defendant moves for summary judgment based on plaintiff's cause of action, he must disprove at least one element of plaintiff's cause of action as a matter of law; he must also show that there are no genuine issues of material fact. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *See also* Tex. R. Civ. P. 166a(c).

7. A movant establishes that he is entitled to summary judgment by conclusively proving all essential elements of its cause of action [or defense] as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W. 2d 671, 678 (Tex. 1979). Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes. *Boswell v. Handley*, 397 S.W.2d 213 at *6-7 (Tex. 1965). A motion for summary judgment may only be treated as a pleading where it is verified by a sworn affidavit. *Id. at.* *12.

8. When a defendant moves for traditional summary judgment, he must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish

48

each essential element of his affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

9. "[S]ummary judgments must stand or fall on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in its favor. *Id*. At 549.

10. A general denial is not a plea; it merely imposes on the plaintiff the duty to produce and offer evidence. *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d. 162 at *9, (Tex. 1963). [T]he defensive plea of general denial is sufficient in law to raise issues of fact with respect to every matter essential to the plaintiff's right of recovery, save only those matters required to be denied under oath, and puts the burden on the plaintiff of proving all such matters." *Id*. At *8. General denials raise issues of fact; summary judgments are therefore improper. *Id*. at. *9

11. A Texas Appellate Court reversed and remanded a trial court's decision to grant summary judgment, holding that summary judgment was improper because the defendant filed a general denial; Poole v. Poole, 1975 Tex. App. Lexis 3334 *3 and 10 (Tex. App.—Waco [10th Dist.] 1975). By filing a general denial, a defendant creates genuine issues of material fact. *See Id.*

Plaintiff has been deprived of a meaningful opportunity to be heard

12. The Due Process Clause of the U.S. Constitution entitles a person to an impartial and

49

disinterested tribunal in all cases. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). The personal bias or prejudice of a

13. judge will deprive a party of a fair trial in violation of the Due Process Clause. *See Id.* at 242-243. A judge who has a personal bias or prejudice against a party, in favor of an adverse party, or about the subject matter of the suit [emphasis added], should recuse himself or herself. *See Sao Paolo State of Federative Republic of Braz. v. Am. Tobacco Co.*, 535 U.S. 229, 232-33 (2002); *See also* Tex. R. Civ. P. 18(b)(2). Recusal is proper if the court determines that a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *See Id.*

14. In the instant case, the judges resolved the case based solely on politics rather than the law. They also acted to protect their fellow Texas Bar members.

15. Tex. R. Civ. Proc. 171 authorizes the appointment of a master in chancery in exceptional cases and for good cause. This case is exceptional in that it would effect substantial political hardship for any judge who takes his or her oath of office seriously and actually enforces the rule of law. Petitioner contends that the appointment of a master in chancery would be appropriate in this action.

16. As members of the Texas Bar, all judges who have presided over this action had a vested interest in siding with Defendant. It is impossible for any member of the Texas Bar to be objective in handling Plaintiff's claims. Plaintiff requests the appointment of a master in chancery who is not be a member of the Texas Bar and that he or she be given full authority to resolve Plaintiff's claims in a new trial.

Conclusion

17. For the foregoing reasons, it was improper for the Court to grant summary judgments on Plaintiff's Original Petition as well as Plaintiff's Supplemental Petition. Any judge who is a

50

member of the Texas Bar is *ipso facto* prejudiced against Plaintiff's claims. Plaintiff cannot receive a fair trial from any [emphasis added] member of the Texas Bar.

<u>Prayer</u>

18. A new trial should be granted with a Master in Chancery appointed who is not a member of the Texas Bar.

Respectfully submitted,

/s/ Jamar Osborne
Jamar Osborne
Plaintiff Sui Juris
Attorney General of Texas
P.O. Box 195226
Dallas, TX 75219

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing instrument has been forwarded to Defendant via first-class mail on March 31, 2015 to the follow address:

Julie A. Springer
212 Lavaca St., Suite 200
Austin, TX 78701

/s/ Jamar Osborne
Jamar Osborne
Plaintiff Sui Juris
Attorney General of Texas
P.O. Box 195226
Dallas, TX 75219

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | IN THE DISTRICT COURT |
| | § | |
|     Plaintiff, | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| WARREN KENNETH PAXTON, | § | |
| | § | |
|     Defendant. | § | 201st JUDICAL DISTRICT |

---

**ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL AND FOR APPOINTMENT OF MASTER IN CHANCERY**

---

After considering Plaintiff Jamar Osborne's Motion for New Trial and for Appointment of Master in Chancery, the Court

GRANTS the motion, finding that this case is exceptional and that Plaintiff cannot receive a fair trial from a judge who is a member of the Texas Bar. Therefore, the Court orders the following:

1. The Court ORDERS a new trial.

2. The Court appoints_____ as master for all purposes.

3. The master shall hold hearings on referred matters beginning on _____,

   2015. The hearings shall be held at_____.

   The master shall be allowed reasonable compensation.

SIGNED on _____ , 2015.


_____

Presiding Judge

Filed in The District Court
of Travis County, Texas

APR - 8 2015

At _____3:15_____ P. M.
Velva L. Price, District Clerk

NO. D-1-GN-14-004694

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| WARREN KENNETH PAXTON, | § | |
|     Defendant. | § | 201ST JUDICIAL DISTRICT |

## ORDER DENYING MOTION FOR NEW TRIAL AND FOR APPOINTMENT OF MASTER IN CHANCERY

The Court reviewed and considered by submission, Plaintiff's Motion for New Trial and

for Appointment of Master in Chancery, and ORDERS that the motion is DENIED.

**SIGNED** this 8th day of April, 2015.

_____
The Honorable Stephen Yelenosky
Judge Presiding

Case # D-1-GN-14-004694



003970979



53

**CAUSE NO. D-1-GN-14-004694**

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| WARREN KENNETH PAXTON, | § | |
| | § | |
| **Defendant.** | § | 201ˢᵗ JUDICAL DISTRICT |

---

## NOTICE OF APPEAL

---

Notice is hereby given that Jamar Osborne ("Plaintiff") appeals to the Third Court of Appeals the Court's Final Order Granting Defendant Summary Judgment, Partial Summary Judgment and all adverse interlocutory rulings merged into those orders. Plaintiff also appeals the Court's denial his Motion for a New Trial

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument has been forwarded to Defendant via first-class mail on June 10, 2015 to the following address:

Julie A. Springer
212 Lavaca St., Suite 200
Austin, TX 78701

/s/ Jamar Osborne
Jamar Osborne
Plaintiff Sui Juris
Attorney General of Texas
P.O. Box 195226
Dallas, TX 75219

1 of 1

61